T. J. PARAMORE AND MILDRED PARAMORE v. INTER-REGIONAL FINAN-
CIAL GROUP LEASING COMPANY

No. 823SC1282

(Filed 5 June 1984)

1. **Rules of Civil Procedure § 4— misstatement of defendant's name in captions of summons—amendment to correct properly allowed**

   The misstatement of defendant's name in the captions on the summons and complaint was a harmless misnomer and without jurisdictional significance where the record left no doubt that the plaintiffs intended to sue IFG Leasing Company, the entity that leases the equipment involved, and that that company was the one that was served. G.S. 1A-1, Rule 4(b).

2. **Arbitration and Award § 2— error to enter stay pending outcome of arbitration—allegation agreement obtained by fraud or undue influence**

   A trial court erred in staying an action concerning a lease agreement pending the outcome of arbitration where plaintiff alleged that the execution

of the lease agreement was obtained through fraud or undue influence and that its terms were unconscionable. If these allegations proved correct, there would be no contract to enforce by arbitration or otherwise, and G.S. 1-567.3(b) authorizes our courts to stay arbitration on a showing there is no agreement to arbitrate.

APPEAL by plaintiffs and defendant from *Lewis, John B., Jr., Judge.* Order entered 20 October 1982 in Superior Court, PITT County. Heard in the Court of Appeals 26 October 1983.

Plaintiffs own and operate a farm in Pitt County and in 1980 needed the use of a farm tractor with certain attachments in clearing new ground on their farm. Defendant, a Minnesota corporation, through various agents and dealers leases farm and other equipment in North Carolina and many other places. On March 28, 1980 a written lease agreement covering the use of a certain farm tractor and various attachments for a period of seven years was purportedly entered into between plaintiffs and defendant. The instrument contained provisions requiring plaintiffs to make fourteen semi-annual rental payments in the amount of $8,987.76 each and to arbitrate any disputes under the agreement in Minneapolis. In November, 1981, a dispute between the parties developed and defendant initiated the arbitration process, which the plaintiff T. J. Paramore acquiesced in at first by rating the arbitrators proposed by the American Arbitration Association and requesting that the arbitration be held in North Carolina, which defendant eventually agreed to. But in May, 1982 plaintiffs filed this action and obtained a temporary restraining order prohibiting defendant from continuing arbitration until the court directed otherwise.

Plaintiffs' complaint alleges, in substance, that: (a) Plaintiff Mildred Paramore did not sign the lease, her purported signature thereon is a forgery, and plaintiff T. J. Paramore executed the lease because of fraud and undue influence on the part of defendant's agent; (b) T. J. Paramore agreed to rent the equipment involved for a year and a half at an annual charge of $8,987.76 with the understanding that at the end of that time, when his new ground was cleared, he could either terminate the arrangement or continue it with other equipment suitable for routine farming activities; (c) the purported agreement is otherwise unenforceable because it contains several unconscionable and unfair provisions;

and (d) the arbitration process should be stayed until this litigation is concluded.

Defendant moved (1) to dismiss for lack of jurisdiction, citing that its name is IFG Leasing Company, whereas the captions of the complaint and summons designate Inter-Regional Financial Group Leasing Company as the defendant; and (2) that the action be stayed until arbitration is concluded as the lease agreement provides. Plaintiffs then moved for permission to file an amended complaint and summons designating IFG Leasing Company as the defendant. Upon the several motions being heard, the court entered an order (1) permitting plaintiffs to file an amended complaint; (2) denying plaintiffs' motion for a preliminary injunction; (3) denying defendant's motion to dismiss; and (4) staying the action pending the conclusion of the arbitration process.

Plaintiffs appealed the denial of their motion for a preliminary injunction and the granting of defendant's motion for a stay; defendant appealed the denial of its motions to dismiss and the allowance of plaintiffs' motion to amend the summons and complaint.

*Wayland J. Sermons, Jr. for plaintiff appellants/appellees.*

*Gaylord, Singleton, McNally & Strickland, by A. Louis Singleton, for defendant appellee/appellant.*

PHILLIPS, Judge.

[1] The defendant's appeal, which we discuss first since it involves a possible dismissal of the case, is without merit. Though IFG Leasing Company, the proper defendant in the case, was misnamed in the captions on the summons and complaint as Inter-Regional Financial Group Leasing Company (a non-existing company, apparently, though *Inter-Regional Financial Group* is a corporation that owns IFG Leasing Company), the summons was directed to IFG Leasing Company and that is the enterprise that copies of the summons and complaint were properly served on *three* times; by registered mail at its home office in Minneapolis, by registered mail to its process agent in Durham, and by the Sheriff of Durham County personally serving its process agent. Under principles long followed by the courts of this state, the misstatement of defendant's name in the captions was a harmless

misnomer and without jurisdictional significance. This holding is required, in our opinion, by *Bailey v. McPherson*, where our Supreme Court said that if a misnomer "does not leave in doubt the identity of the party intended to be sued, or, even where there is room for doubt as to identity, if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit." 233 N.C. 231, 235, 63 S.E. 2d 559, 562 (1951). The record here leaves no doubt but that plaintiffs intended to sue IFG Leasing Company, the entity that leased the equipment involved, and that that company is the one that was served.

Defendant's reliance upon *Crawford v. Aetna Casualty & Surety Company*, 44 N.C. App. 368, 261 S.E. 2d 25 (1979), *disc. review denied*, 299 N.C. 329, 265 S.E. 2d 394 (1980) and *Stone v. Hicks*, 45 N.C. App. 66, 262 S.E. 2d 318 (1980) is misplaced, as these cases involved circumstances radically different from those recorded here. In *Crawford*, the summons was directed to "Michigan Tool Company, a division of Ex-Cell-O Corporation," rather than Ex-Cell-O Corporation, a separate entity, which plaintiff wanted to hold; whereas here the summons, in compliance with the mandate of Rule 4(b) of the North Carolina Rules of Civil Procedure, was directed to "IFG Leasing Company" and that was the company served. And in *Stone* the person served was not the person that the summons was directed to. Thus, IFG Leasing Company was subject to the court's jurisdiction from the time copies of the complaint and summons were served on it, and the court did not err in permitting the misnomer to be corrected by appropriate amendments to the complaint and summons.

[2] But since the complaint contained several nullifying allegations, the court did err, in our opinion, in staying this action pending the outcome of arbitration, rather than vice versa. Because if plaintiff Mildred Paramore did not sign the lease; or if plaintiff T. J. Paramore's execution of it was obtained by fraud or undue influence; or if the lease agreement was against the policy of this state because its terms were unconscionable; then there would be no contract to enforce by arbitration or otherwise. G.S. 1-567.3(b) authorizes our courts to stay arbitration on a showing that there is no agreement to arbitrate; and such a showing was made by plaintiffs, who alleged there was no valid contract and supported that allegation by the affidavit of T. J. Paramore. Thus, before

proceeding further with arbitration, the validity of the supporting contract, including the agreement to arbitrate, should be determined. If it is invalid, there will be nothing to arbitrate; if it is valid, then the arbitration can be resumed and pursued without further interruption. Our holding would be otherwise if the parties were controlled by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, rather than our own act; for the federal act has been interpreted as not permitting arbitration to be stayed while the validity of the contract itself is being determined, though it is apparently otherwise when the existence or validity of just the arbitration clause is in issue. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 18 L.Ed. 2d 1270, 87 S.Ct. 1801 (1967). But contrary to defendant's contention, the federal act does not apply to the situation recorded. As was pointed out in *Burke County Board of Education v. Shaver Partnership*, 303 N.C. 408, 279 S.E. 2d 816 (1981), our courts are required to apply the Federal Arbitration Act only when the parties contemplated that performance of the contract being litigated involves "substantial interstate activity." In the situation presented by the record the parties could not have contemplated that "substantial interstate activity" would be required in carrying out the contract. All the "activity" under the contract was to occur in North Carolina and the only thing that was to happen elsewhere was that defendant was to receive the rental payments at its office in Great Falls, Montana. The contract was solicited in this state by defendant's Lumberton, N. C. agent; the tractor, the subject and base of the agreement, was not shipped here from another state because of the contract, but was obtained from the lot of a Scotland Neck motor vehicle dealer, where it was parked, and transported to plaintiffs' Pitt County farm, where, according to the agreement, it had to remain until the lease expired. Thus, the Federal Arbitration Act has no application and upon remand, plaintiffs' issues of forgery, fraud and undue influence should be tried, and, if need be, a determination made as to the unconscionability of the agreement because of the several onerous, overreaching and unfair terms that plaintiffs refer to.

As to defendant's appeal

Affirmed.

As to plaintiffs' appeal

Reversed and remanded.

Judges WEBB and EAGLES concur.