Battle, J.
 

 Our act for the “ amendment of process, &c.,” (see Rev. Code, ch. 3) is so comprehensive, and the construction Avhich our courts have always put upon it is so liberal, that the expression used by one of the Judges in the case of
 
 Davis
 
 v. Evans, 1 Car. Law Repos. 499, that “ any thing' may be amended at any time,” has passed into one of the maxims of the law. This is almost literally true as to the amendment of the process and pleadings during the pendency of a suit. Thus, in the case of
 
 McClure
 
 v.
 
 Burton, 1
 
 Car. Law Repos. 472, which was an action of covenant on a deed, the Court permitted the plaintiffs to amend, by striking out the names of some of the defendants, who, upon oyer, appeared not to be parties to the deed. In
 
 Grandy
 
 v.
 
 Sawyer,
 
 2 Hawks’ Rep. 61, the writ was allowed to be amended, by striking out some of the plaintiffs, and inserting others. Again, in
 
 Green
 
 v.
 
 Deberry,
 
 2 Ire. Rep. 344, the writ was amended on the plaintiff’s motion, by adding the names of other persons as plaintiffs. See also on this subject,
 
 Quiett
 
 v.
 
 Boon,
 
 5 Ire. Rep. 9, and
 
 Phillipse
 
 v.
 
 Higdon,
 
 Busb. Rep. 380. In England, where the defendant was arrested by a wrong name, the plaintiff was permitted to amend by inserting the right one ;
 
 Stevenson
 
 v.
 
 Danvers,
 
 2 Bos. and Pul. Rep. 109 ;
 
 Carr
 
 v.
 
 Slum,
 
 7 Term Rep. 299.
 

 In the present case, a summons was served upon the cor
 
 *27
 
 poration in a wrong name, by service on one of the directors of the corporation. We cannot distinguish it in principle from process served on any other defendant in a wrong name. If the Court have power to amend in the latter case, as it undoubtedly has, we are unable to comprehend the force of the argument which would deprive it of power in the latter. When created, corporations become persons — -bodies politic it is true — but still persons, and when the power of suing and the liability to be sued is conferred and imposed upon them, it must be understood to be conferred and imposed under the same rules, regulations and restrictions which apply to natural persons, with such modifications only, as their peculiar nature makes necessary. It is not pretended but that they may claim the benefit of our act upon the subject of amendments, and they must submit to its operation when it is against them.
 

 Pee Odeiam, The Judgment of the Sup. Court is affirmed.