CABARRUS COUNTY DRAINAGE DISTRICT, No. 2, v. THE BOARD OF COMMISSIONERS OF CABARRUS COUNTY.

(Filed 12 December, 1917.)

**1. Actions—Misnomer—Abatement—Appearance.**

A misnomer of defendant is not a ground for dismissal of the action, the remedy being by plea in abatement, giving the correct name, allowing amendment to the summons and pleadings; and where defendant has entered a general appearance, he is concluded thereby.

**2. Drainage District—Findings—Evidence—Record.**

Findings made by the trial court from the record of drainage proceedings, as to certain facts as therein stated, require no further evidence than the record itself contains; and where the record sets forth that exceptions were filed and not appealed from, the burden is on the party claiming to the contrary to show it.

**3. Counties — Drainage District — Assessments — Judgments—Contempt—Courts—Constitutional Laws.**

A judgment in proceedings for *mandamus* against the county commissioners to compel them to pay an assessment of a drainage district for benefit to the public roads therein, that the defendants pay the same, with interest and cost, out of the first moneys coming into their hands, and not otherwise appropriated, is valid and not in violation of the Constitution or statute relating to taxation; and should a rule for contempt be issued, they may show their inability, acting in good faith, to legally comply with the judgment.

PROCEEDING in *mandamus*, heard by *Cline, J.*, in Concord, CABARRUS County, *13 August, 1917.*

The court found the facts and rendered judgment as follows:

1. That plaintiff, Cabarrus County Drainage District, No. 2, was duly and legally established under chapter 442, Public Laws 1909, and amendments thereto, under proper petition and bond, as required by said act.

2. That said act was in all respects complied with, said district having been drained under said act and proceedings for said purpose, and bonds of said district have been sold for payment of the cost and expenses of said improvement, except for the amount due said defendant county, and the amounts which the landowners did pay in cash on or before 8 October, 1914.

3. That said board of viewers of said district assessed against the defendant county the sum of $1,500 for the benefit which will be derived by the nine public roads of Cabarrus County which cross said drainage district.

4. That notice was given the defendant, County Commissioners for Cabarrus County, of said assessments, by serving notice on J. F. Harris, register of deeds for said county, as required by said drainage act and amendments.

5. That said county appeared before the Clerk of the Superior Court for Cabarrus County, in person of L. A. Weddington, chairman of the board of commissioners; J. F. Harris, clerk to board of commissioners, and H. S. Williams, its attorney, and filed objections to said assessment, which will appear in the record proper of this case, and said exceptions were overruled by the court; and said assessment and report of board of viewers was affirmed by the court, and that said appeal was not prosecuted and said appeal was abandoned.

6. That no part of said assessment has been paid, though often demanded by the plaintiff, which assessment was due 8 October, 1914, and is still due and unpaid.

7. That said defendant county has no property subject to execution.

It is therefore ordered that the defendant county and its officers and assessors be, and they are hereby, commanded to pay said assessment of $1,500 to the plaintiff, with interest at 6 per cent from 8 October, 1914, and the cost of action, out of the first moneys coming into their hands not now otherwise appropriated.

From the judgment rendered, defendant appealed.

*J. L. Crowell and L. T. Hartsell for plaintiff.*
*H. S. Williams and W. G. Means for defendants.*

BROWN, J. The defendants moved to dismiss for misnomer, as the defendants are sued under a wrong title. At the time of making this motion defendants had filed an answer, pleading to the merits, and entered a general appearance.

It is familiar law that where a defendant pleads in his true name he is concluded thereby, whether the proper method to raise the objection is by plea in abatement or otherwise. It is well settled that a general appearance cures a misnomer of defendant in process or pleadings. 14 Ency. P. & P., 298; 3 Cyc., 524.

A misnomer is never a ground for dismissal, but for plea in abatement, when, the correct name being given, the summons and pleadings may be amended accordingly. *Dunn v. Society,* 151 N. C., 133.

The plea in abatement must not only point out plaintiff's error, but must show how it may be corrected by giving defendant's true name. 1 Chitty Pldg., 446.

The defendants contend that there is no evidence to support the second, third, and fifth findings of fact. No evidence was necessary, except such as is afforded by the record of the drainage proceedings and judgment rendered therein. The court states that the facts are found from an inspection of the record in the drainage proceedings, and these records show that the exceptions were filed and appeal taken. That it was never

prosecuted is manifest from the lapse of time. If it has been prosecuted, and is pending undecided, the burden is on defendant to show it.

The defendants except to the judgment. We see no objection to the form of the order of the court requiring defendants to pay the judgment out of the first money coming into their hands not otherwise appropriated. This does not require defendants to violate any law.

If the entire fund raised by taxation and known as the general fund is required to meet the necessary expenses of the county government, economically administered, no part of it can be legally diverted to the payment of this judgment. Certainly the special funds raised by special taxation and appropriated to specific purposes cannot be so applied.

Neither can the commissioners increase the tax levy beyond the constitutional limit in order to pay it, without legislative sanction. *Bennett v. Commissioners,* 173 N. C., 625.

It is the duty of defendants to obey the order, if they can; but if, acting in good faith, they cannot, they will have full opportunity to make such answer, in case a rule for contempt is issued, returnable in the cause. *Cromartie v. Commissioners,* 87 N. C., 135.

This question is fully discussed in that case, and the duties and powers of county commissioners declared.

Affirmed.