CHARLES McLEAN, SR., v. W. B. MATHENY, t/a MATHENY MOTOR COMPANY.

(Filed 20 October, 1954.)

**Pleadings § 22b: Process § 14: Limitation of Actions § 11—**

While the court may permit amendment to process and pleadings to cure a misnomer where the proper party is before the court, the joinder of a corporation not named in the process or pleading as an additional party defendant, or the substitution of the corporation in lieu of the purported partnership without the corporation's consent, either expressed or by its entering a general appearance, constitutes a new action as to the corporation, instituted as of the date of service on it, and when the cause against it is then barred by the applicable statute of limitations duly pleaded, the action against it is properly dismissed.

APPEAL by plaintiff from *McKeithen, Special Judge,* May Term, 1954, of CALDWELL.

Civil action instituted on 14 March, 1950, against W. B. Matheny, trading as Matheny Motor Company, to recover the sum of $1,712.00 alleged to be due on an unpaid check. The facts pertinent to this appeal are as follows:

1. Plaintiff in his original complaint alleged that on or about 2 February, 1950, the defendant's agent, servant and employee, one H. E.

Head, attended an automobile auction sale in Charlotte, North Carolina, and purchased a number of automobiles for and on behalf of the defendant W. B. Matheny, trading as Matheny Motor Company.

2. That among the automobiles purchased by the said H. E. Head for the defendant, was one offered for sale by the plaintiff, to wit: a Ford Club Coupe, for which the said H. E. Head executed a check in the amount of $1,710.00; that the check was drawn on the Union Trust Company of Forest City, North Carolina and deposited in the usual course of business; that the check was protested and returned unpaid.

3. Plaintiff prayed for judgment against W. B. Matheny, trading as Matheny Motor Company, for the sum of $1,712.00, which included a protest fee of $2.00, together with interest from 2 February, 1950.

4. The defendant W. B. Matheny filed an answer to plaintiff's complaint on 13 April, 1950, in which he admitted that he was a citizen and resident of Rutherford County, North Carolina, but denied all other pertinent allegations of the complaint.

5. On 2 November, 1953, the plaintiff, through his counsel, moved that he be allowed to make Matheny Motor Company, a corporation, an additional party defendant and to file an amendment to his complaint. The motion was allowed and a summons for Matheny Motor Company, Inc., was issued on 20 November, 1953, and duly served on 23 November, 1953.

6. The defendant W. B. Matheny, on 26 April, 1954, demurred to the amended complaint on the ground that it did not state a cause of action against him. The demurrer was sustained.

When this cause came on to be heard at the May Term, 1954, of the Superior Court of Caldwell County, the corporate defendant moved for judgment on the pleadings and to dismiss the action on the ground that the three-year statute of limitations had been pleaded, and that it appears from the plaintiff's pleadings that the alleged cause of action arose more than three years prior to the date the summons was issued and served on said corporate defendant. The motion was allowed and the action dismissed. Plaintiff appeals, assigning error.

*W. H. Strickland for appellant.*
*C. H. Gover for appellee.*

Denny, J. It would seem to be unfortunate that this action has not been disposed of heretofore on its merits. However, we are bound by the record now before us and may consider only the question of law presented for determination.

This appeal turns on whether the cause of action against the corporate defendant dates from the time summons was issued and served upon it, or whether such service relates back to the commencement of the action.

Ordinarily, under the comprehensive power to amend process and pleadings where the proper party is before the court, although under a wrong name, an amendment will be allowed to cure a misnomer. *Lane v. Seaboard & R. R. Co.,* 50 N.C. 25; *Fountain v. Pitt County,* 171 N.C. 113, 87 S.E. 990; *Chancey v. Norfolk & W. R. R. Co.,* 171 N.C. 756, 88 S.E. 346; *Drainage District v. Cabarrus County,* 174 N.C. 738, 94 S.E. 530; *Gordon v. Gas Co.,* 178 N.C. 435, 100 S.E. 878; *Chowan County v. Com'r. of Banks,* 202 N.C. 672, 163 S.E. 808; *Clevenger v. Grover,* 212 N.C. 13, 193 S.E. 12, 124 A.L.R. 82; *Lee v. Hoff,* 221 N.C. 233, 19 S.E. 2d 858; *Propst v. Trucking Co.,* 223 N.C. 490, 27 S.E. 2d 152; *Electric Membership Corp. v. Grannis Bros.,* 231 N.C. 716, 58 S.E. 2d 748; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; 39 Am. Jur., Parties, section 125, page 1004.

In the instant case, however, the motion of the plaintiff was not to cure a misnomer by substituting the correct name of a proper party who was before the court in lieu of the purported partnership. On the contrary, the motion was to make the defendant corporation an additional party and to file an amendment to the complaint. Therefore, under our decisions, the cause of action, in so far as it relates to the corporate defendant, dates from 20 November, 1953. *Camlin v. Barnes,* 50 N.C. 296; *Plemmons v. Improvement Co.,* 108 N.C. 614, 13 S.E. 188; *Bray v. Creekmore,* 109 N.C. 49, 13 S.E. 723; *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867; *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789; *Electric Membership Corp. v. Grannis Bros., supra; Bailey v. McPherson, supra. Cf. Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555. And as held in *Plemmons v. Improvement Co., supra,* if the plaintiff had moved in the court below to substitute the Matheny Motor Company, Inc., in lieu of the purported partnership, the court could not have brought the corporation in as a party defendant without its consent, either expressed or by entering a general appearance, except by causing summons to be served upon it. Hence, if such motion had been made and granted, the status of the plaintiff, with respect to the plea of the statute of limitations, would not have been changed.

It follows, therefore, that since more than three years elapsed after the plaintiff's cause of action arose before the corporate defendant was made a party to the action and served with summons, such action was barred by the three-year statute of limitations duly pleaded by said corporate defendant. G.S. 1-52. Hence, the ruling of the court below must be upheld.

Affirmed.