COHEN NEAL CRAWFORD v. AETNA CASUALTY & SURETY COMPANY, AND MICHIGAN TOOL COMPANY, A DIVISION OF EX-CELL-O CORPORATION

No. 7927SC318

(Filed 18 December 1979)

**Rules of Civil Procedure §§ 4, 15— service of process on corporation defective — amendment of complaint to substitute defendant improper**

Complaint and summons directed to defendant named as "MICHIGAN TOOL COMPANY, A Division of Ex-Cell-O Corporation" was not service on the entity Ex-Cell-O Corporation, even if the complaint and summons reached the hands of someone obligated to receive service in behalf of Ex-Cell-O, since Ex-Cell-O was not a named party defendant; and plaintiff could not amend his complaint, claiming that the words, "MICHIGAN TOOL COMPANY, A Division of," were a misnomer or mere surplusage since such amendment would, in effect, substitute a party defendant that had never been properly served.

APPEAL by defendants from *Kirby, Judge*. Judgment entered 10 January 1979 in Superior Court, GASTON County. Heard in the Court of Appeals 27 November 1979.

On 6 August 1975, plaintiff was injured in an industrial accident involving a machine designed and manufactured by Michigan Tool Company, a Delaware corporation. Ex-Cell-O Corporation, a Michigan corporation, acquired all of the stock of Michigan Tool Company on 1 March 1955. Michigan Tool Company was dissolved on or about 6 November 1972. Five days before the three year mark from the occurrence of the accident, plaintiff filed a complaint against a defendant named in the caption as "MICHIGAN TOOL COMPANY, A Division of Ex-Cell-O Corporation." Throughout

the complaint which alleges causes of action for negligence and breach of warranty, the defendant is referred to as "Michigan Tool Company, a division of Ex-Cell-O Corporation." The summons was captioned

"COHEN NEAL CRAWFORD,
                    Plaintiff

            Against

AETNA CASUALTY & SURETY COMPANY; and
MICHIGAN TOOL COMPANY, A Division of
Ex-Cell-O Corporation."

The summons was addressed

"To each of the defendants named below at the indicated addresses — GREETING:

Michigan Tool Company, A Division of Ex-Cell-O Corporation
C/O Mr. William J. Foster, III (Registered Agent)
2855 Coolidge Highway
Troy, Michigan 48084."

The summons and complaint according to the attached affidavit of service were served on William Foster's secretary on 24 August 1978. Foster is the secretary of Ex-Cell-O Corporation. He was also the secretary of Michigan Tool Company when it was dissolved in 1972. Michigan Tool Company, though wholly owned by Ex-Cell-O, was never a division of Ex-Cell-O.

On 5 October 1978, Ex-Cell-O Corporation made a special appearance and moved to dismiss the complaint for insufficiency of process, insufficiency of service of process and lack of personal jurisdiction. Plaintiff moved for leave to amend the complaint and summons served on William J. Foster III claiming that the words "Michigan Tool Company, A Division of" were a misnomer or mere surplusage. After hearing arguments of counsel, the trial court entered judgment denying Ex-Cell-O's motion and granting plaintiff's motion for leave to amend. Ex-Cell-O appeals.

*Harris and Bumgardner, by Robert Dennis Lorance and Clayward C. Corry, Jr., for plaintiff appellee.*

*Womble, Carlyle, Sandridge and Rice, by William F. Womble, Jr., and James M. Stanley, Jr., for defendant appellants.*

VAUGHN, Judge.

Ex-Cell-O Corporation was not served with sufficient legal process and the court did not, therefore, have jurisdiction over that particular entity. The trial court erred in denying Ex-Cell-O's motion to dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure. G.S. 1A-1, Rule 12(b)(2)(4)(5). Ex-Cell-O was not made a party to the action commenced by plaintiff.

In *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978), the Supreme Court, in overruling a long line of its cases, held that where the direction of the summons is to the corporation's registered agent rather than the corporation, and the corporate defendant is named in the complaint and the caption of the summons, the service is not defective even though the summons is not directed to the defendant as required by Rule 4(b). In the case before us, we are dealing with two separate legal entities, Michigan Tool Company and Ex-Cell-O Corporation. Complaint and summons directed to a defendant named as "MICHIGAN TOOL COMPANY, A Division of Ex-Cell-O Corporation" is not service on the entity Ex-Cell-O Corporation even if the complaint and summons reach the hands of someone obligated to receive service in behalf of Ex-Cell-O. Rule 4(b) provides in part that the summons "*shall* be directed to the defendant or defendants and shall notify each defendant to appear and answer. . . ." G.S. 1A-1, Rule 4(b) (emphasis added). Ex-Cell-O was not a named party defendant. *Wiles* did not adopt a concept of "actual notice" for this State. The statutory requirements and the rules of procedure are still to be followed. *See Hall v. Lassiter*, 44 N.C. App. 23, 260 S.E. 2d 155 (1979).

In *Wiles*, the Court reaffirmed the line of cases which held that no jurisdiction is obtained where neither the complaint nor the summons is directed to a corporation. Speaking for the Court, Justice Copeland said:

"We wish to point out at this juncture that a number of decisions citing the cases overruled . . . involved situations in which the complaint as well as the summons were directed to the corporate officers or agents. SEE, *e.g. MCLEAN v. MATHENY*, 240 N.C. 785, 84 S.E. 2d 190 (1954); *HOGSED v. PEARLMAN*, 213 N.C. 240, 195 S.E. 789 (1938); *JONES v. VANSTORY*, 200 N.C. 582, 157 S.E. 867 (1931); *YOUNG v.*

*BARDEN*, 90 N.C. 424 (1884). Because the potential for confusion in such a situation is significantly greater, these latter holdings remain undisturbed by this decision." 295 N.C. at 86, 243 S.E. 2d at 759.

These cases cited and reaffirmed by the *Wiles* Court support Ex-Cell-O's position that no service or jurisdiction has been obtained on it. Plaintiff's amendment, in effect, substituted a party defendant that had never been properly served. It is not a correction of a misnomer. It adds a new, legal entity. This is not permitted. *See Jones v. VanStory, supra,* and *Hogsed v. Pearlman, supra.* Ex-Cell-O's motion should have been granted.

Reversed and remanded.

Judges WEBB and MARTIN (Harry C.) concur.