IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-481

Filed: 20 December 2016

Sampson County, No. 15 CVS 1210

DELVON R. GOODWIN, by and through his Guardian *ad Litem*, MELISSA I. HALES, Plaintiff,

v.

FOUR COUNTY ELECTRIC CARE TRUST, INC , a/k/a FOUR COUNTY ELECTRIC MEMBERSHIP CORPORATION, Defendant.

Appeal by Plaintiff from order entered 4 January 2016 by Judge Charles H. Henry in Sampson County Superior Court. Heard in the Court of Appeals 5 October 2016.

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by Patricia P. Shields and Joshua D. Neighbors, and Law Offices of Wade E. Byrd, P.A., by Wade E. Byrd, for Plaintiff-Appellant.*

> *Young Moore and Henderson, P.A., by Dana H. Hoffman, for Defendant-Appellee.*

DILLON, Judge.

Plaintiff appeals from the trial court's order denying his motion to amend the summons and complaint and granting Four County Electric Care Trust, Inc.'s motion to dismiss the action. For the following reasons, we affirm.

I. Background

The issues on appeal in this matter concern the North Carolina Rules of Civil Procedure. The crux of this matter is whether Plaintiff sued the right entity for injuries sustained on 30 October 2012 after he came into contact with a power line regulator owned by "Four County Electric Membership Corporation," an electric membership cooperative (the "Membership Co-Op").

On 29 October 2015, almost three years after the accident, a guardian *ad litem* was appointed for Plaintiff, who commenced this action that same day.[1] In the body of the complaint, Plaintiff did *not* allege that the regulator was owned by the Membership Co-Op; rather, Plaintiff alleged that the regulator was owned by a different entity, "Four County Electric Care Trust, Inc." (the "Non-Profit Trust" or "Defendant"). In the caption of the summons and the complaint, Plaintiff designated the defendant as a single entity, using an assumed name which incorporated the names of *both* the Membership Co-Op and the Non-Profit Trust as follows: "Four County Electric Care Trust, Inc. a/k/a Four County Electric Membership Corporation."

Defendant, the Non-Profit Trust, moved to dismiss Plaintiff's action pursuant to Rule 12(b)(2), (4), (5), and (6) of the North Carolina Rules of Civil Procedure, contending that it did *not* own the regulator, but rather Membership Co-Op owned it. At the Rule 12 motions hearing, Plaintiff orally moved to amend the complaint and

---

[1] The complaint alleged that Plaintiff was incompetent at the time of the accident.

- 2 -

summons to alter the assumed name in the caption to "Four County Electric Membership Corporation," averring that the amendment constituted the correction of a misnomer, not the addition of a new party. The Membership Co-Op never made an appearance in this action.

By order entered 4 January 2016, the trial court granted the Non-Profit Trust's motion to dismiss and denied Plaintiff's motion to amend its complaint and summons. Plaintiff timely filed a notice of appeal.

II. Appellate Jurisdiction over Ruling Denying Oral Motion to Amend

Plaintiff contends on appeal that the trial court erred in its 4 January 2016 order by (1) granting the Non-Profit Trust's motion to dismiss and (2) denying Plaintiff's motion to amend the summons and complaint.

Before addressing Plaintiff's arguments on appeal, we must first determine whether Plaintiff properly noticed an appeal from *both* portions of the trial court's order. Though Plaintiff states in his notice that he was appealing the 4 January 2016 order, he only references that portion granting Defendant's motion to dismiss. The notice fails to reference the portion denying Plaintiff's motion to amend. Specifically, Plaintiff's notice of appeal states as follows:

> [Plaintiff] hereby gives notice of appeal to the Court of Appeals of North Carolina from the Order signed on December 22, 2015 and file-stamped/entered on January 4, 2016 in the Superior Court of Sampson County, granting Defendant's Motion to Dismiss the above-captioned matter.

Accordingly, Defendant argues that we lack jurisdiction to consider any issue concerning the denial of Plaintiff's motion to amend. Guided by our decision in *Evans v. Evans*, 169 N.C. App. 358, 610 S.E.2d 264 (2005), we conclude that *both* portions of the 4 January 2016 order are properly before us.

Our Court has interpreted Rule 3 of our Rules of Appellate Procedure to require that "an appellant . . . appeal from each part of the judgment or order appealed from which appellant desires the appellate court to consider." *Foreman v. Sholl*, 113 N.C. App. 282, 291, 439 S.E.2d 169, 175 (1994) (internal quotation marks omitted). However, we have also held that "a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can *be fairly inferred from the notice* and the appellee is not mislead [sic] by the mistake." *Smith v. Indep. Life Ins. Co.*, 43 N.C. App. 269, 274, 258 S.E.2d 864, 867 (1979) (emphasis added) (internal quotation marks omitted).

Our *Evans* decision is remarkably similar to the present case. In *Evans*, the appellant gave notice of appeal from "the Order entered on December 18, 2001 . . . denying Defendant's claim for child custody and child support." *Evans*, 169 N.C. App. at 363, 610 S.E.2d at 269 (internal quotation marks omitted). On appeal, the appellant also sought review of the portion of the same order denying her request for post-separation support. *Id.* The appellee argued that we lacked jurisdiction to

consider the post-separation determination since the appellant's notice only referenced the child custody/support portion of the order. *Id.* We held that, based on these facts, "it is readily apparent that [the appellant] is appealing from the order dated 18 December 2001 which addresses not only child custody and support but also post-separation support. . . . Therefore, this Court has jurisdiction to consider [the appellant's] appeal of these additional issues." *Id.*

Here, we can infer from Plaintiff's notice of appeal his intent to challenge the denial of his motion to amend the complaint and summons. His notice of appeal specifically references the 4 January 2016 order which addressed *both* the Non-Profit Trust's motion to dismiss *and* Plaintiff's motion to amend. *See id.* There is no indication that the Non-Profit Trust has been misled by Plaintiff's inadvertent omission of the motion to amend ruling from the notice of appeal. *See Smith*, 43 N.C. App. at 274, 258 S.E.2d at 867. Nor could there be as Plaintiff's sole, viable ground for appeal is that he should be allowed to amend the complaint and summons to include the defendant's proper name. Accordingly, we conclude that we have jurisdiction to review the trial court's denial of Plaintiff's motion to amend along with the trial court's grant of the Non-Profit Trust's motion to dismiss.

## III. Analysis

### A. Plaintiff's Motion to Amend

We first address whether the trial court erred in denying Plaintiff's oral motion to amend the summons and complaint to change the designation of the defendant in the caption from "Four County Electric Care Trust, Inc. a/k/a Four County Electric Membership Corporation" to "Four County Electric Membership Corporation." Plaintiff argues that this erroneous designation is merely a misnomer of the Membership Co-Op.

The Non-Profit Trust essentially argues that the designation in the caption, at best, identifies *it* as the sole defendant and that the summons was directed at and served upon it alone, and not upon the Membership Co-Op. Therefore, the Non-Profit Trust contends that the trial court was correct in its ruling because the trial court could not obtain jurisdiction over an entity that was not named or served (the Membership Co-Op) merely by amending the moniker on the summons and complaint. Indeed, both the summons and complaint identify and were served upon a different entity (the Non-Profit Trust).

Our Supreme Court has stated that an amendment to the summons and complaint may be allowed to correct a misnomer or mistake in the name of the party, but that such motion to amend must be denied "where the amendment amounts to a substitution or entire change in parties." *Bailey v. McPherson*, 233 N.C. 231, 235, 63 S.E.2d 559, 562 (1951). *See also Harris v. Maready*, 311 N.C. 536, 546, 319 S.E.2d 912, 918 (1984) (restating same general principle).

Here, we hold that the amendment sought by Plaintiff amounted to a substitution of parties. The summons was directed to the Non-Profit Trust, not the Membership Co-Op; specifically, the summons contained additional language which erroneously provided that the Non-Profit Trust was *also known as* the "Four County Electric Membership Corporation." Further, the body of the complaint never alleges any facts concerning the Membership Co-Op, but rather alleges that the power line regulator was owned, operated, and maintained by the Non-Profit Trust. We conclude that there is no confusion that the summons and complaint were directed to the Non-Profit Trust. Therefore, the trial court did not err in denying Plaintiff's motion to amend.

Our resolution of this issue is controlled by *Crawford v. Aetna Cas. & Sur. Co.*, 44 N.C. App. 368, 261 S.E.2d 25 (1979). In *Crawford*, the plaintiff sued "Michigan Tool Company, a Division of Ex-Cell-O Corporation" under the erroneous belief that Michigan Tool Company was part of Ex-Cell-O Corporation instead of a separate legal entity. *Id.* at 368, 261 S.E.2d at 26. After the statute of limitations had expired, the plaintiff then learned that Michigan Tool Company was in fact a *subsidiary* of Ex-Cell-O Corporation and that Ex-Cell-O Corporation and Michigan Tool Company were in fact *two separate entities*. *Id.* at 369, 261 S.E.2d at 26. The plaintiff then sought to amend the summons and complaint to reflect that Ex-Cell-O Corporation was the proper defendant, contending that the designation in the original summons

and complaint was a mere misnomer. *Id.* However, this Court, relying on precedent from our Supreme Court, held that the designation was not a misnomer and that the amendment should not be allowed even if the summons and complaint in fact reached the hands of someone at Ex-Cell-O Corporation:

> In the case before us, we are dealing with two separate legal entities, Michigan Tool Company and Ex-Cell-O Corporation. Complaint and summons directed to a defendant named as "MICHIGAN TOOL COMPANY, A Division of Ex-Cell-O Corporation" is not service on the entity Ex-Cell-O Corporation even if the complaint and summons reach the hands of someone obligated to receive service in behalf of Ex-Cell-O.

*Id.* at 370, 261 S.E.2d at 27 (alteration in original).

Much like the plaintiff in *Crawford*, Plaintiff believed that the Non-Profit Trust was also known by the name of "Four County Electric Membership Corporation," when in fact the Non-Profit Trust and the Membership Co-Op are two separate legal entities. Accordingly, based on our holding in *Crawford*, we conclude that the amendment sought by Plaintiff would have had the effect of adding the Membership Co-Op as a new party.

We are also persuaded by our Supreme Court's decision in *McLean v. Matheny*. 240 N.C. 785, 84 S.E.2d 190 (1954). In that case, the plaintiff sued "W.B. Matheny, trading as Matheny Motor Company." *Id.* at 785, 84 S.E.2d at 190. The plaintiff later moved to amend his complaint to add "Matheny Motor Company, Inc.," realizing that the Company was a legal entity, separate and distinct from Mr. Matheny. *Id.* at 786,

84 S.E.2d at 191. The Supreme Court held that the plaintiff could not add the corporation by merely amending the moniker used in the summons and complaint since the proposed amendment would add a new party. *Id.* at 787, 84 S.E.2d at 191-92. In the same way, here, Plaintiff is not seeking to correct a moniker, but rather is seeking to add a different entity.

In conclusion, Plaintiff sought to bring in the Membership Co-Op as a defendant by amending the summons and complaint which were issued and served on the Non-Profit Trust. Plaintiff's motion to amend was filed on the basis that the Membership Co-Op was already a named party, and that any potential error in the designation of the defendant in the summons and complaint was merely a misnomer. Plaintiff characterized his motion as such – rather than as a motion to add a new party – presumably out of concern that the Membership Co-Op, as a new party, would have a statute of limitations defense if the Membership Co-Op challenged Plaintiff's allegations of incompetency. Were the motion to amend be on the basis of a misnomer, rather than the addition of a new party, such motion would relate back to 29 October 2015, the date of filing for the original complaint. We make no determination as to whether the statute of limitations has indeed run on Plaintiff's claims against the Membership Co-Op. We simply conclude that the Membership Co-Op has not been sued in this action, nor has Plaintiff made any attempt to add the Membership Co-Op through any motion *to add it as a party*.

B. Defendant's Motion to Dismiss

The trial court granted the Non-Profit Trust's motion to dismiss pursuant, in part, to Rule 12(b)(6) of our Rules of Civil Procedure. In granting the motion, the trial court not only considered the four corners of Plaintiff's complaint, but also two affidavits offered by the Non-Profit Trust which established that (1) the Membership Co-Op and the Non-Profit Trust are two separate, distinct legal entities and (2) the power line regulator is owned, operated, and maintained by the Membership Co-Op and *not* by the Non-Profit Trust.

Rule 12 provides that if matters outside the pleading are presented and considered by the court on a Rule 12(b)(6) motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" N.C. Gen. Stat. § 1A-1, Rule 12(b). In the hearing below, Plaintiff did not object to the introduction of the affidavits. We note that the complaint alleging that the Non-Profit Trust owns the regulator was not verified. Further, Plaintiff presented no evidence to contradict the affidavits, but rather sought to amend his summons and complaint to reflect that the Membership Co-Op was the correct entity. Moreover, on appeal, Plaintiff concedes that the power line regulator is owned, operated, and maintained by the Membership Co-Op and that the Non-Profit Trust was not the correct party. Therefore, the only evidence before the trial court concerning the ownership of the power line regulator was in the form of the affidavits offered by Defendant.

Accordingly, the trial court did not err in dismissing the claims against the Non-Profit Trust as there was no genuine issue of fact as to the Non-Profit Trust's lack of responsibility for Plaintiff's injuries.

## IV. Conclusion

Plaintiff's error was not a misnomer; rather, Plaintiff sued the wrong party. The trial court properly denied Plaintiff's motion to amend based on a misnomer. Further, the trial court did not err in granting Defendant's motion to dismiss.

AFFIRMED.

Judge ELMORE concurs. Judge HUNTER, JR., concurs in the result and writes separately.

HUNTER, JR., Robert N., Judge, concurring in the result.

When a litigant has been adjudged incompetent, he becomes a ward of the court. *Perry v. Jolly*, 259 N.C. 305, 314 130 S.E.2d 654, 661 (1963); *In re Estate of Armfield*, 113 N.C. App. 467, 439 S.E.2d 216 (1994). Here, it is alleged the plaintiff was mentally incompetent before the occurrence leading to his injury and was further catastrophically injured after the accident. On this basis, the Clerk appointed a guardian ad litem for him as "an Incompetent Person." This finding is uncontroverted.

Plaintiff's status as an incompetent commits his legal rights "to the care of the court" as well as their attorneys. *Elledge v. Welch*, 238 N.C. 61, 68, 76 S.E.2d 340, 345 (1953). The duty to protect those who have been adjudged incompetent extends beyond the trial courts to the appellate courts. *See id.* (exercising supervisory power to assume jurisdiction without an appeal and review errors committed against an incompetent defendant).

Because judges have an obligation to incompetents to ensure their legal rights, so as to avoid additional needless litigation in the future, I write separately to question why this case is before us.

Plaintiff does not dispute he named the wrong defendant in his complaint. However, the parties and the trial court appear to have proceeded under the misimpression of law that the statute of limitations on Plaintiff's claim had expired, leaving Plaintiff unable to file a new complaint against the proper defendant.

Because the majority declines to address the statute of limitations issue, not only does it leave Plaintiff's underlying negligence claim, like Schrödinger's cat, in a state where it may be alive or dead,[2] but it fails to disabuse all concerned of the notion that an amendment to Plaintiff's complaint would need to relate back to the date of filing under North Carolina Rule of Civil Procedure 15(c).

While the majority focuses on whether Plaintiff's error constituted a mere misnomer or a fatal defect, it elides the fact that this analysis is appropriate only when the statute of limitations has expired. *See Franklin v. Winn Dixie Raleigh*, 117 N.C. App. 28, 38, 450 S.E.2d 24, 31 (1994), *aff'd per curiam*, 342 N.C. 404, 464 S.E.2d 46 (1995). Thus, I would like to make it clear the cat is alive; the statute of limitations has not yet expired on Plaintiff's negligence claim. As a result, the trial court was free to exercise its discretion to grant Plaintiff's motion to amend. However, neither the trial court's judgment nor our affirmance should not bar future litigation on the merits of his claim.

Under the North Carolina Rules of Civil Procedure, a party may amend a pleading after the opposing party files a responsive pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2015). Motions to amend are addressed to the discretion of the trial court. *Henry v. Deen*, 310 N.C. 75, 82, 310

---

2 *See* Ervin Schrödinger, Die gegenwärtige Situation in der Quantenmechanik, Die Naturwissenschaften, Vol 23, Issue 48, pp. 807-812 (1935).

S.E.2d 326, 331 (1984). In exercising its discretion, the trial court "should be liberal in . . . allowance and application." *Roper v. Thomas*, 60 N.C. App. 64, 68, 298 S.E.2d 424, 427 (1982). Generally, "[a]mendments should be freely allowed unless some material prejudice to the other party is demonstrated[.]" *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986).

Amendment to substitute a party is within the scope of the rule, although doing so represents the creation of "a new and independent [cause] of action and cannot be permitted when the statute of limitations has run." *Callicut v. American Honda Motor Co.*, 37 N.C. App. 210, 212, 245 S.E.2d 558, 560 (1978) (quoting *Kerner v. Rockmill*, 111 F. Supp. 150, 151 (M.D. Pa. 1953)).

If the statute of limitations has expired in the interim between the filing and the amendment, a plaintiff may preserve his claim only if the amendment can be said to relate back to the date of the original claim, under Rule 15(c):

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2015); *Winn Dixie Raleigh*, 117 N.C. App. at 38, 450 S.E.2d 30. A complaint will relate back with respect to a new defendant "if that new defendant had notice of the claim so as not to be prejudiced by the untimely amendment." *Winn Dixie Raleigh*, 117 N.C. App. at 39, 450 S.E.2d at 31 (citation

3

omitted). Where the plaintiff has merely made a "mistake in name; giving incorrect name to person in accusation, indictment, pleading, deed or other instrument," *Liss v. Seamark Foods*, 147 N.C. App. 281, 285, 555 S.E.2d 365, 368 (2001), we have found it is permissible to amend the complaint to correct such a misnomer. *Piland v. Hertford County Bd. of Comm'rs*, 141 N.C. App. 293, 299, 539 S.E.2d 669, 673 (2000). Otherwise, the statute of limitations will bar the new claim. *Winn Dixie Raleigh*, 117 N.C. App. at 39, 450 S.E.2d at 31. Thus, the question of whether the plaintiff's error constitutes a misnomer or a fatal error need be reached only if the statute of limitations has expired.

N.C. Gen. Stat. § 1-52(16) sets the statute of limitations at three years for personal injury cases. No period of repose applies to personal injury cases. *See* N.C. Gen. Stat. § 1-15(c) (2015) (setting periods of repose for certain malpractice cases).

State law tolls the statute of limitations for plaintiffs who were disabled when the cause of action accrued:

> A person entitled to commence an action who is under a disability at the time the cause of action accrued may bring his or her action within the time limited in this Subchapter, after the disability is removed, except in an action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents and services out of the real property, when the person must commence his or her action, or make the entry, within three years next after the removal of the disability, and at no time thereafter.

4

N.C. Gen. Stat. § 1-17(a) (2015). *See also* N.C. Gen. Stat. § 1-20 (2015) ("No person may avail himself of a disability except as authorized in G.S. 1-19, unless it existed when his right of action accrued.")

A person is considered disabled if they meet one or more of the following conditions: (1) the person is within the age of 18 years; (2) the person is insane; or (3) the person is incompetent as defined in N.C. Gen. Stat. § 35A-1101(7) or (8). N.C. Gen. Stat. § 1-17(a) (2015). An "incompetent adult" is one who "lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." N.C. Gen. Stat. § 35A-1101(7) (2015).

If the statute of limitations has been tolled due to the plaintiff's disability, it "begins to run upon the appointment of a guardian or upon the removal of his disability as provided by G.S. 1-17, whichever shall occur first." *First-Citizens Bank & Trust Co. v. Willis*, 257 N.C. 59, 62, 125 S.E.2d 359, 361 (1962). *See also Bryant v. Adams*, 116 N.C. App. 448, 459, 448 S.E.2d 832, 837 (1994).

Here, according to his complaint, Plaintiff "was a deaf, mentally incompetent individual without any other physical impairment" when his action against Four County Electric Membership Corporation accrued. The trial court must assume the

5

facts in the pleading are true when ruling on a motion to dismiss under Rule 12(b)(6). *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979). Thus, "a statute of limitation or repose may be the basis of a 12(b)(6) dismissal [only] if on its face the complaint reveals the claim is barred." *Forsyth Memorial Hosp. v. Armstrong World Indus.*, 336 N.C. 438, 442, 444 S.E.2d 423, 426 (1994). As a result, when there is an evidentiary dispute, the statute of limitations defense is not properly within the trial court's scope of review on a 12(b)(6) motion to dismiss. *White*, 296 N.C. at 667, 252 S.E.2d at 702.

Thus, because the trial court was required to assume that the statute of limitations was tolled in this case, it need not have considered whether Plaintiff's amendment related back to the date of filing. The relevant inquiry was only whether Plaintiff's amendment was proper under Rule 15(a). Consequently, the trial court was free to exercise its discretion to grant or deny Plaintiff's motion to amend without deciding whether the amendment related back to the original complaint.

Nevertheless, the trial court's decision to deny the motion and dismiss the complaint against Four County Electric Care Trust with prejudice does not prevent Plaintiff from refiling his complaint against the proper defendant. Under North Carolina Rule of Civil Procedure 41(b), dismissal with prejudice operates as an adjudication on the merits unless otherwise specified by the trial court. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2015). Moreover, "[d]ismissal with prejudice ends the

lawsuit and precludes subsequent litigation on the same controversy between the parties under the doctrine of res judicata." 2 G. Gray Wilson, *North Carolina Civil Procedure* § 41-5 (3d ed. 2007). When a case is dismissed with prejudice under Rule 41(b), the trial court must make findings of fact and state conclusions of law so as to "make definite what was decided for the purpose of res judicata and estoppel." *Helms v. Rea*, 282 N.C. 610, 619, 194 S.E.2d 1, 7 (1973). While the trial court's order does state findings of fact and conclusions of law, its language is incomplete as to future litigation against the true property owner.

The doctrine of res judicata provides "a final judgment on the merits in a prior action in a court of competent jurisdiction precludes a second suit involving the same claim between the same parties or those in privity with them." 2 G. Gray Wilson, *North Carolina Civil Procedure* § 88-1 (3d ed. 2007). In order to invoke res judicata as a defense, the proponent must show: "(1) a final judgment on the merits in an earlier suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privities in the two suits." *State ex rel. Utilities Com. v. Thornburg*, 325 N.C. 463, 468, 385 S.E.2d 451, 453-54 (1989) (citation omitted).

Thus, res judicata will only prevent "a second suit based on the same cause of action *between the same parties or those in privity with them*." *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986) (emphasis

7

added). This Court has recently held in the context of res judicata, "privity involves a person so identified in interest with another that he represents the same legal right." *Williams v. Peabody*, 217 N.C. App. 1, 8, 719 S.E.2d 88, 94 (2011). More specifically, "privity denotes a mutual or successive relationship to the same rights of property." *Id.* (quoting *Whitacre P'Ship v. BioSignia, Inc.*, 358 N.C. 1, 36, 591 S.E.2d 870, 893 (2004)).

In the instant case, although the trial court dismissed the suit with prejudice, they did so precisely because the wrong defendant had been sued, noting in its order "Four County Electric Care Trust, Inc. does not own any property or electric equipment and the regulator identified in Plaintiff's complaint was owned, operated and maintained by a different company." As a result, the trial court's order makes clear the Four County Electric Care Trust and the Four County Electric Membership Corporation are two separate entities who have no "mutual or successive relationship" with regard to the equipment at hand. Thus, the Corporation cannot invoke res judicata as a defense to a suit alleging the same cause of action in this case.

Similar to res judicata, collateral estoppel "is designed to prevent repetitious lawsuits over matters which have once been decided and which have remained substantially static, factually and legally." *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E. 2d 799, 805 (1973). Thus, "the determination of an issue in a prior judicial or

administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding." *Whitacre P'Ship v. BioSignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004).

A party asserting collateral estoppel must show (1) the earlier suit resulted in a final judgment on the merits; (2) the "issue in question was identical to an issue *actually litigated* and necessary to the judgment;" and (3) both parties or their privities were parties in the earlier suit. *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 414, 474 S.E.2d 127, 128-29 (1996) (emphasis added) (citation omitted).

Traditionally, as with res judicata, collateral estoppel applied only between the parties or those in privity with them. *McInnis*, 318 N.C. at 429, 349 S.E.2d at 557. However, for "defensive" uses of collateral estoppel, our courts have rejected the "mutuality" requirement that both parties must be bound by the prior judgment. *Id.* at 434-35, 349 S.E.2d at 560. Thus, collateral estoppel may apply even where only the plaintiff is bound by a prior judgment on the merits.

However, an issue is only "actually litigated, for purposes of collateral estoppel or issue preclusion, if it is properly raised in the pleadings or otherwise submitted for determination and [is] in fact determined." *City of Asheville v. State*, 192 N.C. App. 1, 17, 665 S.E.2d 103, 117 (2008), *appeal dismissed, disc. review denied,* 363 N.C. 123, 672 S.E.2d 685 (2009). This determination requires "[a] very close examination of

9

matters actually litigated . . . . If they are not identical, then the doctrine of collateral estoppel does not apply." *Id.*

In the instant case, although the dismissal of the suit against the Trust operates as a decision on the merits, the trial court's findings of fact and conclusions of law pertain only to the identity of the defendant. Thus, the court's order is clear these two parties are not "in privity." Had they been, a different result would have obtained. Further, the language of the order demonstrates the parties have not "actually litigated" the substance of Plaintiff's negligence claim. As a result, if Plaintiff were to bring suit against the Corporation, rather than the Trust, the Corporation could not use collateral estoppel to bar the suit, as the plaintiff's negligence claim has not yet been litigated.