SCHMELTZLE v. SCHMELTZLE

[147 N.C. App. 127 (2001)]

━━━━━━━━━

SHARON C. SCHMELTZLE, Plaintiff-Appellant v. BARRY SCHMELTZLE,
Defendant-Appellee

No. COA00-1104

(Filed 6 November 2001)

**Divorce— alimony—findings—mere recitation of evidence**

A holding that an award of alimony would not be equitable
pursuant to N.C.G.S. § 50-16.3A was remanded where it was
apparent that the court's findings of fact were mere recitations of
the evidence rather than ultimate facts required to support the
trial court's conclusions of law.

Judge GREENE dissenting.

Appeal by plaintiff from judgment denying permanent alimony
entered 8 May 2000 by Judge John L. Whitley in Wilson County
Superior Court. Heard in the Court of Appeals 21 August 2001.

SCHMELTZLE v. SCHMELTZLE

[147 N.C. App. 127 (2001)]

*Law Offices of Mark E. Sullivan, P.A., by Deborah Sandlin, for Plaintiff-Appellant.*

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by Thomas R. Sallenger, for Defendant-Appellee.*

BRYANT, Judge.

Plaintiff and Defendant were married for over twenty years and raised two children. Plaintiff stayed at home and was unemployed for most of the marriage. She had a high school diploma but no advanced degrees. Prior to separating, Plaintiff began seeing a therapist for depression, anxiety, excessive compulsive disorder and bipolar disorder. The couple separated on 9 August 1997 and divorced on 18 November 1999.

Defendant had associate's and bachelor's degrees at the time of the hearing. He has sole custody of the two minor children and pays for all of their support. He has also paid Plaintiff $800 per month pursuant to a voluntary temporary order. After separating, Defendant paid all of the marital debt.

Plaintiff filed a complaint seeking divorce from bed and board, child custody, child support, alimony and attorney's fees. Defendant answered and counterclaimed for an absolute divorce. Defendant raised as a defense to Plaintiff's claim for alimony that Plaintiff had engaged in a course of conduct deliberately calculated to render Defendant's condition intolerable and his life burdensome.

At a non-jury trial, Plaintiff's claim for permanent alimony was denied. The judge concluded that Plaintiff's conduct constituted marital misconduct without just cause or excuse, and that Plaintiff caused Defendant to suffer indignities. *See* N.C. Gen. Stat. § 50-16.3A(b)(1) (1999). Thus, the court held that an award of alimony would not be equitable pursuant to Section 50-16.3A of the North Carolina General Statutes. N.C. Gen. Stat. § 50-16.3A (1999).[1] Plaintiff appealed.

On appeal, Plaintiff raises five assignments of error. At the outset, we note that Plaintiff's brief fails to comply with at least two North

---

1. Specifically, subsection (a) provides: "The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section." N.C. Gen. Stat. § 50-16.3A(a) (1999). Marital misconduct is one of the factors in subsection (b). *See* N.C. Gen. Stat. § 50-16.3A(b) (1999).

SCHMELTZLE v. SCHMELTZLE

[147 N.C. App. 127 (2001)]

Carolina Rules of Appellate Procedure, Rules 28(b) and 26(g). Rule 28(b)(5) states:

> (b) An appellant's brief in any appeal shall contain, under appropriate headings, and in the form prescribed by Rule 26(g) and the Appendixes to these rules . . . :
>
> . . . .
>
> (5) An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.

N.C. R. App. P. 28(b)(5). Rule 26(g) states in part that "[t]he format of all papers presented for filing shall follow the instructions found in the Appendixes to these Appellate Rules." N.C. R. App. P. 26(g). Appendix B which discusses the format and style of documents filed in either appellate court states under "Topical Headings" that "[w]ithin the argument section, the issues presented should be set out as a heading in all capital letters and in paragraph format from margin to margin." N.C. R. App. P. app. b at 213. Furthermore, all headings should be single-spaced. *Id.* Contrary to these rules, the assignments of error in Plaintiff's brief are in bold face type and double spaced, and they fail to identify the pages at which they appear in the record on appeal. *See* N.C. R. App. P. apps. b, e.

The rules are mandatory and the failure to comply with the rules may result in dismissal. *See, e.g., Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999). However, we will invoke Rule 2 and reach the first assignment of error. Rule 2 allows this Court to suspend the rules on its own initiative "[t]o prevent manifest injustice to a party." N.C. R. App. P. 2.

In her first assignment of error, Plaintiff argues that the trial court erred in determining that Plaintiff was not entitled to permanent alimony on the ground that she caused Defendant to suffer indignities, rendering his condition intolerable and life burdensome. Specifically, Plaintiff alleges that the trial court simply adopted Defendant's testimony without making independent findings of fact. We agree.

There is no hard and fast rule as to what constitutes indignities. Rather, the courts make this determination based on the facts and cir-

cumstances of each case. *See Taylor v. Taylor,* 76 N.C. 433, 437-38 (1877); 1 Suzanne Reynolds, *Lee's North Carolina Family Law* § 6.12(A) (5th ed. 1989). "The fundamental characteristic of indignities is that it must consist of a *course* of conduct or *continued* treatment which renders the condition of the injured party intolerable and life burdensome. The indignities must be *repeated and persisted in* over a period of time." *Traywick v. Traywick,* 28 N.C. App. 291, 295, 221 S.E.2d 85, 88 (1976) (quoting 1 Robert E. Lee, *North Carolina Family Law* § 82, at 311 (3d ed. 1963)).

North Carolina General Statute Section 1A-1, Rule 52(a)(1) governs findings by the trial court and applies to permanent alimony. Rule 52(a)(1) states:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1999). There are two kinds of facts, evidentiary facts and ultimate facts. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E.2d 639 (1951). Evidentiary facts are "those subsidiary facts required to prove the ultimate facts." *Id.* at 470, 67 S.E.2d at 644 (citations omitted). Ultimate facts are "the final facts required to establish the plaintiff's cause of action or the defendant's defense . . . ." *Id.* In applying Rule 52(a)(1), this Court held in *Williamson v. Williamson* that the findings of fact must be "more than mere evidentiary facts; they must be the 'specific ultimate facts . . . sufficient for [an] appellate court to determine that the judgment is adequately supported by competent evidence.' " *Williamson v. Williamson,* 140 N.C. App. 362, 363-64, 536 S.E.2d 337, 338 (2000) (alteration in original) (quoting *Montgomery v. Montgomery,* 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977)).

In *Williamson,* Plaintiff alleged that the trial court failed to make sufficient findings of fact and conclusions of law necessary to determine the issues. The record in that case reveals that the trial court, in awarding alimony to Defendant, included the summaries of witnesses' testimony in several findings of fact. On appeal, this Court reversed, holding that many of the trial court's findings of fact were "mere recitations of the evidence and are not the ultimate facts required to support the trial court's conclusions of law regarding the needs of the parties." *Williamson,* 140 N.C. App. at 364, 536 S.E.2d at

339. The *Williamson* Court illustrated by pointing to several findings of fact including the following:

12. From her *testimony* and her *financial affidavit* filed August 14, 1998, the Defendant has needs and expenses of approximately $3,010.00 per month. . . .

13. The Plaintiff *testified* to his family (new spouse, her daughters, and himself) having total needs and expenses of $6,861.00. He *estimated* his personal needs and expenses to be $4,394.00 per month. *Plaintiff testified* he took as his expenses 1/4 of household expenses, as 4 people were living in the house (the Plaintiff, his new wife, and her two children).

*Id.* (alteration in original). We find *Williamson* to be helpful.

In the case at bar, Plaintiff objects to the trial court's verbatim recitation of Defendant's amended Narrative.[2] For example, Plaintiff points to the following testimony in Defendant's amended Narrative:

12. The Defendant testified that due to the repeated interference with the children's schooling, the Plaintiff had been directed by the Headmaster of Greenfield School to stay away from the campus.

13. The Defendant testified that the principal of Vinson Bynum School directed Plaintiff to report to her office and not to go on her own through the halls and classrooms of the children.

14. The Defendant testified that the Plaintiff was heard yelling while in a meeting with the principal of Forest Hills Middle School while the Defendant, his daughters and staff members waited outside.

. . .

17. The Defendant testified that the Plaintiff slept alone downstairs on the sofa.

The trial court's parallel findings of fact are as follows:

23. Due to repeated interference with the children's schooling, the Plaintiff had been directed by the Headmaster of Greenfield School to stay away from the campus.

---

2. The parties discovered after the trial that the recording device was not on or had malfunctioned. Both parties submitted narrations to create a record of the proceedings.

**SCHMELTZLE v. SCHMELTZLE**

[147 N.C. App. 127 (2001)]

24. The principal of Vinson-Bynum School directed the Plaintiff to report to her at the office and not go on her own through the halls and classrooms of the children.

25. The Plaintiff was heard yelling while in a meeting with the principal of Forest Hills Middle School while the Defendant, his daughters and staff members waited outside.

. . .

28. The Plaintiff slept alone downstairs on the sofa.

It is apparent from the record that the trial court's findings of fact were, as we held in *Williamson*, "mere recitations of the evidence," rather than the ultimate facts required to support the trial court's conclusions of law. *Williamson*, 140 N.C. App. at 364, 536 S.E.2d at 339. Moreover, the trial court's findings of fact do not appear adequate to support a conclusion of marital misconduct.

For the reasons stated above, we vacate the judgment and remand to the trial court to enter ultimate facts. As such, it is unnecessary to address Plaintiff's other assignments of error.

Reversed and remanded.

Judge CAMPBELL concurs.

Judge GREENE dissents with a separate opinion.

GREENE, Judge, dissenting.

The majority vacates the order of the trial court on the ground its findings of fact were "mere recitations of the evidence" and thus inadequate to support the order denying alimony. I disagree and instead believe this Court should squarely address the dispositive issue of whether Plaintiff's conduct as found by the trial court constitutes marital misconduct within the meaning of N.C. Gen. Stat. § 50-16.1A(3). In this case, there is a very good reason why the findings appear to be a mere recitation of the evidence. This is so because the trial testimony was not recorded and the parties were required to reconstruct the evidence after the trial. In so doing, the parties relied in large part on the findings entered by the trial court. Thus, in this case, the evidence as compiled after the trial is essentially a mere

recitation of the findings of fact and their similarity is understandable and should not constitute a basis for vacating the order denying Plaintiff's claim for alimony.