IN THE MATTER OF A.R.P. AND J.B.A.P.

No. COA11-1116

(Filed 17 January 2012)

**Termination of Parental Rights—findings of fact—conclusions of law—sufficiency**

The trial court's 13 April 2011 order in a termination of parental rights case was reversed and remanded for a complete order including all of the required findings of fact and conclusions of law and a decree as to the disposition of the case.

Appeal by respondent-mother from order entered 13 April 2011 by Judge L. Suzanne Owsley in District Court, Burke County. Heard in the Court of Appeals 3 January 2012.

*Stephen M. Schoeberle for petitioner-appellee Burke County Department of Social Services.*

IN RE A.R.P.

[218 N.C. App. 185 (2012)]

*Levine & Stewart, by James E. Tanner III, for respondent-appellant mother.*

*Pamela Newell for guardian ad litem.*

STROUD, Judge.

Respondent appeals from the trial court's order dated 13 April 2011. In *In re A.R.P.,* ___ N.C. App. ___, 708 S.E.2d 215, 2011 N.C. App. LEXIS 207 (N.C. App., Feb. 1, 2011) (unpublished), this Court addressed respondent's first appeal from a 17 June 2010 order which concluded that "[s]ufficient grounds exist pursuant to N.C.G.S § 7B-1111(a)(2) for the termination of the parental rights of [respondent]." This Court reversed and remanded the 17 June 2010 order as the "trial court failed . . . to make a specific finding of fact that respondent mother *willfully* left the children in foster care or other placement outside the home or even that she had the ability to show reasonable progress, but was unwilling to make the effort." *Id.* at *10 (emphasis in original). We further explained that

> [b]ecause of the significance of these decisions to the children as well as the parents, it is critical that we ensure that the trial court considered the issues in the correct legal light. Evidence exists in the record that would permit a finding of willfulness, but any such finding cannot be made in the first instance on appeal. Consequently, we must remand for further findings of fact regarding whether respondent mother willfully left her children in foster care for over 12 months. Because we are remanding for further findings of fact, we need not address respondent mother's remaining arguments.

*Id.* at *11.

On 24 March 2011, the trial court held a hearing on remand. In an order entered 13 April 2011, the trial court made the following "supplemental" findings of fact:

> 1. The Court hereby incorporates the transcript of the May 10, 2010 proceedings herein by reference.

> 2. [Respondent] came to the Department's attention after she drove with the minor children in her vehicle on February 19, 2008, after she had consumed prescription drugs. She continued to operate her vehicle in that condition, and on Sept-ember 18, 2008, she was involved in an accident with another vehicle wherein she crossed the center line and struck the other vehi-

cle, killing the driver and critically injuring the passenger. She currently is serving an active sentence in the North Carolina Department of Corrections [sic] for convictions on charges arising out of that accident.

3. After the minor children came into the care of the Department in November of 2008 and the jurisdiction of the Court in December of 2008, the Court ordered her on numerous occasions to address her substance abuse issues. She did complete some hours of outpatient treatment and had 2 brief inpatient hospitalizations of 7-10 days for detoxification.

4. [Respondent's] treatment providers recommended inpatient treatment (28 days at Black Mountain) after both of her detoxifications. She admits that she understood that recommendation but chose not to comply with it on at least 2 occasions. An excuse for one such failure was a court date in these matters, but she didn't call her attorney, the Department or the guardian ad litem to discuss the possibility of a continuance in order for her to enter into and complete such inpatient treatment.

5. [Respondent] has obtained and used methadone through illegal means. She has continued to use prescription medication on which she has been diagnosed to be dependent.

6. [Respondent] has understood her substance abuse problems, the need for inpatient treatment, and the fact that the minor children would not be returned to her unless she successfully addressed the problem. She had the financial means and ability to seek such treatment, and in fact she sought detoxification on 2 occasions, but she chose not to seek the recommended 28-day program of inpatient treatment. Moreover, from November of 2008 until her incarceration after the May 20, 2010 hearing, she continuously had the ability to seek the recommended inpatient treatment, but she chose not to do so. That choice was willful.

Based on these findings, the trial court made only one "supplemental" conclusion of law:

1. [Respondent] willfully has left the minor children in foster care or placement outside of the home for more than 12 months without making any significant progress in addressing the issue that brought the minor children before the Court.

The 13 April 2011 order does not repeat any of the findings of fact or conclusions of law from the 17 June 2010 order. We first note that

finding of fact No. 1 is unclear. It incorporates a transcript dated 10 May 2010, but the only transcript in the record on appeal is dated 24 March 2011. The original 17 June 2010 order addressed in the first appeal states that a hearing was held as to the termination of respondent's parental rights on 20 May 2010. Therefore, it appears that this is most likely a clerical error in the 13 April 2011 order, and it was actually referring to the 20 May 2010 transcript. However, the incorporation of an entire transcript from the May 2010 hearing is clearly a recitation of facts and cannot constitute a finding of fact. *See In re Green,* 67 N.C. App. 501, 505 n.1, 313 S.E.2d 193, 195 n.1 (1984) (noting that "verbatim recitations of the testimony" do not "constitute *findings of fact* by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." (emphasis in original)). Even if the May 2010 transcript were included in the record on appeal, this Court has no way of knowing which testimony in the transcript the trial court found to be credible, to the extent that there is any conflict in the testimony, when the entire transcript is denominated as a "finding of fact."

Respondent appeals from the 13 April 2011 order arguing that (1) the trial court erred in determining that grounds existed to terminate her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2)(failure to make reasonable progress) and (2) the trial court abused its discretion in determining that it was in the best interest of the children to terminate her parental rights. In the 13 April 2011 order, it appears that the trial court made the necessary findings regarding willfulness, as directed by this Court in the previous appeal. But the trial court's order makes neither a conclusion of law that respondent's parental rights should be terminated nor a conclusion that termination is in the best interest of the children. It appears that the trial court might have assumed that the findings and conclusions from the previous 17 June 2010 order would somehow be incorporated into the 13 April 2011 order. However, the order does not so state, and the 17 June 2010 order was reversed, as noted above, by our previous opinion. *See A.R.P,* 2011 N.C. App. LEXIS 207, at *11; *State v. Jordan,* 162 N.C. App. 308, 313, 590 S.E.2d 424, 428 (2004) (noting that "[a] reversal is defined as 'an appellate court's overturning of a lower court's decision[,]' " and "[i]n the legal context, 'overturn' means 'to invalidate.' " (quoting *Black's Law Dictionary* 1320 (7th ed. 1999) and *The American Heritage College Dictionary* 976 (3d ed. 1993))). Essentially, the trial court's order is asking us to piece together a complete order terminating respondent's parental rights from (1) the 17 June 2010 order which was previously reversed, (2) the 13 April 2011 order

which addresses only willfulness, and (3) a transcript which is incorporated into the 13 April 2011 order but not included in the record. Even if we could consider the 17 June 2010 order as incorporated into the 13 April 2011 order, as noted above, the transcript, which may have also included findings of fact and conclusions of law regarding termination rendered by the trial court in open court, is not included in the record on appeal.

In respondent's first appeal, this Court did not fully address respondent's substantive issues because the order lacked findings as to willfulness. *See A.R.P*, 2011 N.C. App. LEXIS 207, at *11. We reversed the order and remanded it for additional findings, which would also necessitate new conclusions of law based upon those findings. It was not a foregone conclusion that the trial court would come to the exact same decision on remand as it did in the first order. It appears that the trial court did come to the same decision on remand, but we still cannot address respondent's substantive arguments because we do not have a complete order containing findings of fact which support a conclusion of law that respondent's parental rights should be terminated. In fact, we do not have an order which decrees that respondent's parental rights are terminated. This Court reversed the 17 June 2010 order because it was incomplete and remanded so that the trial court could enter a new order addressing willfulness, but on remand the trial court must also enter an entire new order, as the first 17 June 2010 order was reversed. The final order in a proceeding for termination of parental rights is exceedingly important and it is not the place to take a short cut by entering an incomplete order.

We are well aware that this termination proceeding has been prolonged, and such delay is not in the best interest of the children or any party to this action. But we are simply unable to consider respondent's arguments, as raised in both the first appeal and this appeal, and which were not addressed in the first appeal, where we have no complete order addressing all of the facts and substantive issues. Accordingly, we reverse the trial court's 13 April 2011 order and remand for a complete order including all of the required findings of fact and conclusions of law and a decree as to the disposition of the case, consistent with both this opinion and the opinion issued in the first appeal.

REVERSED AND REMANDED.

Judges STEPHENS and BEASLEY concur.