IN THE MATTER OF H.J.A. AND T.M.A.

No. COA12-638

(Filed 20 November 2012)

**Termination of Parental Rights—findings of fact—insufficient**

The trial court erred in a termination of parental rights case by failing to make sufficient findings of fact pursuant to N.C.G.S. § 7B-907 to support its order ceasing reunification efforts with respondent-mother and to support its order terminating respondent-mother's parental rights. The orders were reversed and remanded for additional findings of fact.

**IN RE H.J.A.**

[223 N.C. App. 413 (2012)]

Appeal by respondent-mother from orders entered 6 January 2011 and 7 February 2012 by Judge Louis A. Trosch, Jr., in District Court, Mecklenburg County. Heard in the Court of Appeals 29 October 2012.

*Twyla Hollingsworth-Richardson petitioner-appellee for Mecklenburg County Department of Social Services, Youth and Family Services.*

*Appellate Defender Staples Hughes by Assistant Appellate Defender Joyce L. Terres for respondent-appellant mother.*

*M. Carridy Bender for guardian ad litem.*

STROUD, Judge.

Respondent-mother appeals from the trial court's 7 February 2012 order terminating her parental rights to her daughters, H.J.A. and T.M.A., as well the trial court's 6 January 2011 order ceasing reunification efforts. Because the trial court failed to make sufficient findings of fact to support its order ceasing reunification efforts and its order terminating respondent-mother's parental rights, we reverse the trial court's orders and remand for additional findings of fact.

## I. Facts

In May 2008, the Mecklenburg County Department of Social Services, Youth and Family Services Division, ("DSS") filed a petition alleging that H.J.A. ("Hailey")[1] was a dependent juvenile. DSS was given nonsecure custody of Hailey on the same day. At the time the petition was filed, Hailey was two days old, and respondent-mother herself was a juvenile, also in DSS custody. Respondent-mother and Hailey were placed together in a maternity home. In an order entered on 1 July 2008, the trial court adjudicated Hailey dependent and kept custody of Hailey with DSS.

A year later, while still a juvenile and in DSS custody, respondent-mother had a second child, T.M.A. ("Tracy"). When Tracy was one day old, DSS filed a petition alleging that she was a dependent juvenile. DSS was given nonsecure custody of Tracy on the same day. On 10 August 2009, the trial court entered an order adjudicating Tracy dependent and kept custody of Tracy with DSS. At the time of Tracy's adjudication and disposition hearing, paternity had not been established for either juvenile.

---

1. We will refer to juveniles H.J.A. and T.M.A. by pseudonyms to protect their privacy and for ease of reading.

**IN RE H.J.A.**

[223 N.C. App. 413 (2012)]

The matter came on for a permanency planning hearing on 6 January 2011. By this time, paternity had been established for Hailey, but not for Tracy. Hailey's father was incarcerated; however, DSS had been exploring providing services for him and was investigating his family members for a potential placement. In an order entered 6 January 2011, the trial court adopted a concurrent plan of reunification and adoption. The trial court ordered DSS to cease reunification efforts with respondent-mother, albeit not in a perfectly clear manner, as will be addressed below. On 12 January 2011, respondent-mother filed a notice to preserve her right to appeal from the trial court's order ceasing reunification efforts, pursuant to N.C. Gen. Stat. §§ 7B-507 (c) and -1001(a)(5) (2011).

On 15 April 2011 and 3 August 2011, DSS filed petitions to terminate respondent-mother's parental rights to Hailey and Tracy, based on the following grounds: (1) neglect; (2) willfully leaving the juveniles in foster care for more than twelve months without showing reasonable progress to correct the conditions that led to removal; and (3) willful failure to pay a reasonable portion of the cost of care for the juveniles. *See* N.C. Gen. Stat. § 7B-1111(a)(1)-(3) (2011). Following a hearing, the trial court entered an order on 7 February 2012 in which it found the existence of all three grounds for termination alleged against respondent-mother.[2] The trial court also concluded that termination of respondent-mother's parental rights was in the juveniles' best interest. Respondent-mother timely appealed from the order.

## II. Statutory Requirements of § 7B-907

On appeal, respondent-mother first argues that the trial court's order ceasing reasonable reunification efforts and continuing the juveniles in DSS custody failed to comply with the statutory requirements of N.C. Gen. Stat. §§ 7B-507 and -907.

If a trial court decides not to return a child to her home at the end of a permanency planning hearing, the court must make written findings regarding

    (1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;

    (2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or

---

2. The trial court also terminated the parental rights of the fathers of the juveniles, but they do not appeal.

some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;

(3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption;

(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;

(5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;

(6) Any other criteria the court deems necessary.

N.C. Gen. Stat. § 7B-907(b) (2011). "While it is true that the court is not expressly required to make every finding listed, it must still make those findings that are relevant to the permanency plans being developed for the children." *In re J.S.*, 165 N.C. App. 509, 512, 598 S.E.2d 658, 660-61 (2004).

Moreover, "[w]hen a trial court is required to make findings of fact, it must make the findings of fact specially." *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (citations omitted). "[T]he trial court must, through 'processes of logical reasoning,' based on the evidentiary facts before it, 'find the ultimate facts essential to support the conclusions of law.' " *In re O.W.*, 164 N.C. App. 699, 702, 596 S.E.2d 851, 853 (2004) (quoting *Harton*, 156 N.C. App. at 660, 577 S.E.2d at 337). The findings "must be the specific ultimate facts sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." *In re Anderson*, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002) (quotation marks, citation, and ellipses omitted).

In the case *sub judice*, the trial court concluded that the juveniles should not be returned to respondent-mother, therefore the trial court was required to make the necessary written factual findings to support that conclusion. *See In re J.S.*, 165 N.C. App. at 512, 598 S.E.2d at 661. The trial court made the following relevant factual findings:

2. [Mother] has not complied w/ drug screen requests or [domestic violence treatment]. [Mother] completed parenting education.

**IN RE H.J.A.**

[223 N.C. App. 413 (2012)]

[Mother] reports employment but [the social worker] says she has been unable to confirm employment. [Mother] reports taking her prescribed meds.

. . . .

4.  It is possible for the juvenile(s) to be returned home immediately or within 6 months, therefore reunification with mother or father remains the goal.

. . . .

7.  DSS has not made reasonable efforts to implement the permanent plan for the juvenile.

. . . .

10.  Pursuant to NCGS §7b-507, the Court specifically finds: [Mother]only
efforts to reunite would be futile and would be inconsistent with the juvenile(s)' health, safety, and need for a safe permanent home within a reasonable period of time.

11.  At this time, the juvenile's continuation in or return to his/her home is contrary to his/her best interest[.]

. . . .

Additional findings of court: . . . . [Mother] lied at the last [hearing] regarding her participation in therapy. . . . [the trial court] is at a point today where he cannot trust [mother]. It appears [mother] says whatever she needs to say to move to the next step.

The trial court then concluded that

4.  Continuation of the juveniles(s)[sic] in or return to the home would be contrary to their best interest, health, safety and welfare.

Respondent-mother contends that the trial court's factual findings are insufficient under § 7B-907. We agree.

Under § 7B-907(b), the trial court must consider the relevant criteria and issue written findings. Finding 4, stating that reunification is possible, and finding 7, stating that DSS has not made reasonable efforts, do not support a conclusion continuing placement with DSS. Based on its other findings, such as finding 11 that return to the home is contrary to the juveniles' best interest, it seems the trial court only meant to find that reunification remained possible with Hailey's

father. However, as to the § 7B-907 criteria, the court did not distinguish between the two parents.

We note that the confusion evident in this order arises from the fact that although the court was addressing two parents with very different situations, the court entered one order as to both parents using a form order as its basis, with some additional handwritten findings. In some places, the order notes that a particular finding addresses only one parent; in other places, provisions appear to apply to both parents, although it seems that the trial court really meant to refer to only one parent. Although the form itself is an excellent form, the modifications made and handwritten additional findings, which were apparently written as a summary by another person in the courtroom,[3] make it very difficult to determine exactly what the court actually found as to each separate parent. Only from reading the transcript of the trial court's statements in court can we determine that the court meant to cease reunification efforts as to the mother only and not to the father, and why this is so. As this court has noted previously, a narrative summary of a witness' testimony is not a finding of fact. *See In re O.W.*, 164 N.C. App. at 702-03, 596 S.E.2d at 854.

Further, although the trial court found that returning the juveniles to the home is contrary to their best interest, that finding alone is insufficient to support the trial court's conclusion not to return the juveniles home. N.C. Gen. Stat. § 7B-907(b)(1) requires the trial court to consider and make findings about "[w]hether it is possible for the juvenile to be returned home immediately or within six months, and if not, why it is not in the juvenile's best interests to return home" and any other relevant factor under § 7B-907(b)(1). N.C. Gen. Stat. § 7B-907(b).

"[T]he trial court must . . . find the ultimate facts essential to support the conclusions of law." *In re O.W.*, 164 N.C. App. at 702, 596 S.E.2d at 853 (quotation marks and citation omitted). "Evidentiary facts are those subsidiary facts required to prove the ultimate facts. Ultimate facts are the final resulting effect reached by processes of logical reasoning from the evidentiary facts." *Appalachian Poster Advertising Co., Inc. v. Harrington*, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988) (quotation marks, citations and brackets omitted).

---

3. Many of the handwritten findings are stated as a third person narrative summary of both testimony and the court's comments. For example, paragraph 16, entitled "Other Findings" begins "Ct. has all parties, family members, friends and agency reps. affirm prior to offering the ct. any testimony or evidence." Many findings begin with statements such as "M (mother) says...," "SW (social worker) says ...," "Ct. (court) tells M (mother)...," "Ct. stated it would ...", and "Ct. says he ...."

**IN RE H.J.A.**

[223 N.C. App. 413 (2012)]

In this case, one ultimate fact missing from the trial court's current order is a finding that it is not possible for the juveniles to be returned to their mother's home within six months and *why* returning the juveniles to their mother is not in their best interest, if it found that the evidence supports such a finding.[4] *See In re Ledbetter*, 158 N.C. App. 281, 286, 580 S.E.2d 392, 395 (2003) (reversing trial court for, *inter alia*, failure to explain why it was not in the juvenile's best interest to return home). The trial court recited a good deal of testimony which might support such a finding, but the recitation of testimony does not constitute a finding of fact. *See In re O.W.*, 164 N.C. App. at 702-03, 596 S.E.2d at 854. Further, although referencing the Guardian Ad Litem's report or the DSS summary can helpfully point reviewing courts to the evidence underlying a trial court's findings, merely incorporating those reports by reference without making specific findings is not sufficient. *In re A.S.*, 190 N.C. App. 679, 694, 661 S.E.2d 313, 322 (2010).

We hold that the trial court's findings here are insufficient under § 7B-907 to support its conclusion not to return the juveniles to their mother's home. However, there was sufficient evidence in the record to support proper findings as to this issue, and it appears from the trial judge's statements at the hearing that he meant to make these findings. Accordingly, we must reverse the trial court's order ceasing reunification efforts and remand for additional findings of fact. *See In re J.M.D.*, ___ N.C. App. ___, ___, 708 S.E.2d 167, 174 (2011).

In her second through fourth arguments on appeal, respondent-mother contends that the trial court erred in terminating her parental rights to the juveniles. As we must reverse and remand the order ceasing reunification efforts as to respondent-mother, we must also reverse and remand the order terminating her parental rights to the juveniles. However, given our disposition above, we will not address respondent's arguments regarding the trial court's termination order.

REVERSED and REMANDED.

Judges ELMORE and STEELMAN concur.

---

4. We note that in the form used by the trial court, there would be room for sufficient findings under the part of finding 4 *not* used by the trial court, which states, "It is not possible for the juvenile(s) to be returned home immediately or within 6 months nor is it in the juvenile(s)' best interest to return home *because*:          " (emphasis added).