An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-507

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

IN THE MATTER OF:

H.J.A. and T.M.A.                    Mecklenburg County
                                     Nos. 08 J 326
                                          09 J 368


Appeal by Respondent-Appellant Mother from orders entered 11 February 2013 by Judge Louis A. Trosch in District Court, Mecklenburg County.  Heard in the Court of Appeals 10 December 2013.

> *Twyla Hollingsworth-Richardson, for Petitioner-Appellee Mecklenburg County Department of Social Services, Youth and Family Services.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Joyce L. Terres, for Respondent-Appellant Mother.*
>
> *Poyner Spruill, LLP, by Kathryn R. Paradise, for Guardian ad Litem.*

McGEE, Judge.

The trial court terminated the parental rights of Respondent-Mother ("Mother") to H.J.A. and T.M.A. ("the juveniles") in an order entered 7 February 2012.  Mother

appealed the termination order and the permanency planning order of 6 January 2011, in which the trial court ordered the Mecklenburg County Department of Social Services ("DSS") to cease reunification efforts with Mother. This Court held that the findings in the permanency planning order were insufficient to support the conclusion to cease reunification efforts. *In re H.J.A. and T.M.A.*, ___ N.C. App. ___, ___, 735 S.E.2d 359, 363 (2012). This Court reversed the permanency planning order and remanded for additional findings of fact. *Id.*

Because this Court reversed the permanency planning order, it also reversed the termination of parental rights order. "As we must reverse and remand the order ceasing reunification efforts as to respondent-mother, we must also reverse and remand the order terminating her parental rights to the juveniles." *Id.* at ___, 735 S.E.2d at 363-64. This Court did not address arguments regarding the termination order. *Id.* at ___, 735 S.E.2d at 364.

The trial court held a hearing on 17 January 2013 and entered an amended permanency planning order on 11 February 2013. The trial court also entered an order in which it found that additional findings on the termination of parental rights were unnecessary. The trial court concluded: "The 7 February

2012 Termination of Parental Rights order continues to be the order of this court." The trial court incorporated by reference the 7 February 2012 termination order and attached a copy of it to the order. Mother appeals.

## I. Whether the Trial Court Erred in Incorporating By Reference the 7 February 2012 Termination Order

Mother argues the trial court erred by "reaffirming" the 7 February 2012 termination order after it was reversed and remanded by this Court. We disagree.

The trial court's 11 February 2013 order states:

> Regarding the Termination of Parental Rights order of 7 February 2012, the [Court of Appeals] did not identify any issues regarding any of the findings made in that order and the court's ultimate decision to terminate [] [M]other's parental rights. This court also notes the Termination of Parental Rights hearing was a separate action from the Permanency Planning Review hearing. Therefore, with no noted issues on the merits or any clear direction from the [Court of Appeals], this court does not find any additional finding to its Termination of Parental Rights order are necessary and it maintains its decision to terminate the parental rights of the respondent parents (see the 7 February 2012 Termination of Parental Rights order attached and incorporated herein by reference).

Mother contends that "reverse" is synonymous with "vacate," and when an order is reversed, it cannot be "reaffirmed." As a preliminary matter, we note that the order the trial court

entered 11 February 2013 did not reaffirm the 7 February 2012 order, but rather incorporated by reference the 7 February 2012 order. We therefore review whether the trial court erred in incorporating by reference its 7 February 2012 order.

Mother cites *In re I.B.M.*, ___ N.C. App. ___, 731 S.E.2d 444, 446, *disc. review denied*, 366 N.C. 400, 735 S.E.2d 191 (2012) ("*I.B.M. III*"), in which the Property Tax Commission noted that it was bound by the "law of the case" as to certain findings. This Court speculated that the Property Tax Commission may have "construed the fact that *IBM I* used the term 'vacate' and that *IBM II* used the word 'reverse' as creating some sort of meaningful difference in the portions of its final decision approved or disapproved by this Court." *I.B.M. III*, ___ N.C. App. at ___, 731 S.E.2d at 448. This Court stated: "As a practical matter, the terms 'vacate' and 'reverse' are synonymous as used in most cases." *Id.* at ___, 731 S.E.2d at 449 (emphasis added). The portion of *I.B.M. III* Mother quoted in her brief is *dicta* because it was "unnecessary to the resolution of the case." *Durham Hosiery Mill Ltd. Partnership v. Morris*, ___ N.C. App. ___, ___, 720 S.E.2d 426, 429 (2011). "Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Id.*

Mother also cites *In re A.R.P.*, ___ N.C. App. ___, 721 S.E.2d 725, 727-28 (2012), in which the trial court made "neither a conclusion of law that respondent's parental rights should be terminated nor a conclusion that termination is in the best interest of the children." This Court reversed the trial court's termination order because "we have no complete order addressing all of the facts and substantive issues." *Id.* at ___, 721 S.E.2d at 728. "Essentially, the trial court's order is asking us to piece together a complete order terminating respondent's parental rights from" a reversed order, a second order addressing only willfulness, and a transcript not included in the record. *Id.*

Even assuming *arguendo*, without deciding, that reversal renders an order void, Mother cites no case holding that, on remand, the trial court cannot incorporate by reference a previously reversed order. This Court in *In re A.R.P.* did not reverse because the trial court incorporated a reversed order. Rather, we reversed because there was no complete order to review. *Id.* By contrast, in the present case, the trial court's 11 February 2013 order contained findings of fact, conclusions of law, and incorporated its 7 February 2012 order by reference. We therefore have before us a "complete order

addressing all of the facts and substantive issues." *Id.* Mother has not shown error on this basis.

## II. Whether Mandate Required a New Petition or Trial

Mother also argues that "when the entire termination of parental rights order was reversed, the case returned to the same status as before the termination trial occurred" and a new petition and trial were required. We disagree.

When a case has been remanded from this Court, the general rule is that a trial court "must follow the mandate of an appellate court in a case without variation or departure." *In re R.A.H.*, 182 N.C. App. 52, 57, 641 S.E.2d 404, 407 (2007). In the present case, the trial court followed this Court's mandate without variation or departure.

This Court instructed the trial court only to make additional findings of fact in the reunification order. We did not suggest that a new petition and trial were required. This Court's opinion gave a discrete set of instructions. We noted "there was sufficient evidence in the record to support proper findings as to [the conclusion on reunification,] and it appears from the trial judge's statements at the hearing that he meant to make these findings." *In re H.J.A. and T.M.A.*, ___ N.C. App. at ___, 735 S.E.2d at 363. Further delay of the resolution of

this case is not necessary. While the most cautious practice may be to enter a new order terminating parental rights on remand, Mother has not shown error on this basis.

### III. Grounds to Terminate Parental Rights

Mother argues "the trial court erred by concluding that grounds exist to terminate Mother's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(3)" (2011). We disagree.

### A. Standard of Review

We review an adjudication order to determine "(1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact." *In re A.R.*, ___ N.C. App. ___, ___, 742 S.E.2d 629, 631 (2013). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.* "Findings of fact are also binding if they are not challenged on appeal." *Id.*

### B. Rule

The trial court may terminate parental rights upon finding that:

> The juvenile has been placed in the custody of a county department of social services . . . for a continuous period of six months next preceding the filing of the

> petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.

N.C. Gen. Stat. § 7B-1111(a)(3) (2011). "A finding that a parent has ability to pay support is essential to termination for nonsupport on this ground." *In re Ballard*, 311 N.C. 708, 716-17, 319 S.E.2d 227, 233 (1984). Mother challenges the following finding as unsupported by evidence: "[Mother] had the ability to pay some amount greater than zero towards the juveniles' care." Mother points to a social worker's testimony that Mother's expenses exceeded her income.

However, Mother was employed at a restaurant from February 2011 to July 2011. From her income at that restaurant, she was able to pay rent for her apartment. About a week before the hearing, Mother left the restaurant to work at a fast food restaurant to earn more money. Mother testified that she pays her rent without assistance. She also pays for gas, lights, food costs, phone, and lawn mowing bills. She pays a neighbor for transportation to work. Mother also testified that her boyfriend has given her money in the past. When asked whether she provided any money to DSS to assist in the care of the juveniles, Mother answered that no one asked her to provide funds. She further answered that she could buy clothes for one

of the juveniles, but she would never see the juvenile wearing those clothes.

The finding that Mother had the ability to pay some amount greater than zero toward the juveniles' care was supported by clear and convincing evidence in the record. Even though there may be evidence in the record to support a contrary finding, the trial court's finding remains binding on appeal when it is supported by competent evidence. *In re A.R.*, ___ N.C. App. at ___, 742 S.E.2d at 631.

Mother further contends that the trial "court did not specifically find that any failure to pay on [Mother's] part was done willfully." Mother cites *In re Maynor*, 38 N.C. App. 724, 248 S.E.2d 875 (1978), for support of her argument. However, the trial court labeled as a conclusion of law the following statement:

> That pursuant to N.C.G.S. § 7B-1111(a)(3), the juveniles ha[ve] been placed in the custody of [DSS], and the respondent parents for a continuous period of six months next preceding the filing of the Petition to Terminate Parental Rights, have willfully failed for such period to pay a reasonable portion of the cost of care for the juveniles although physically and financially able to do so.

Willfulness in failing to pay a reasonable portion of the cost of care constitutes a finding of fact. *In re Huff*, 140

N.C. App. 288, 292, 536 S.E.2d 838, 841 (2000) (characterizing failure to pay a reasonable portion of the cost of care as a finding of fact); *see also In re M.R.D.C.*, 166 N.C. App. 693, 697, 603 S.E.2d 890, 892-93 (2004) ("Facts are things in space and time that can be objectively ascertained by one or more of the five senses or by mathematical calculation."). The trial court's designation of the willfulness of Mother's failure to pay as a conclusion of law, rather than a finding of fact, is not binding on this Court. *In re Hogan*, 32 N.C. App. 429, 433, 232 S.E.2d 492, 494 (1977) ("We will ignore the incorrect designation[.]"). Mother has not shown the trial court erred on this basis because the trial court did make a finding as to Mother's willfulness.

Because we affirm the trial court's order terminating Mother's parental rights on the ground stated in N.C.G.S. § 7B-1111(a)(3), we need not address Mother's arguments concerning other grounds for termination of parental rights. *In re T.D.P.*, 164 N.C. App. 287, 291, 595 S.E.2d 735, 738 (2004).

Affirmed.

Judges McCULLOUGH and DILLON concur.

Report per Rule 30(e).