An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1153
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

APRIL R. HUNT,
    Plaintiff,

v.

JEFFERY H. HUNT,
    Defendant.

New Hanover County
No. 10 CVD 5691

Appeal by defendant from Order entered 6 May 2013 by Judge J.H. Corpening, II in District Court, New Hanover County. Heard in the Court of Appeals 20 February 2014.

> *Lori W. Rosbrugh, for plaintiff-appellee.*
>
> *Chris Kremer, for defendant-appellant.*

STROUD, Judge.

Jeffery Hunt ("defendant") appeals from an order entered 6 May 2013 distributing marital property, ordering him to pay alimony to his former wife, April Hunt ("plaintiff"), and ordering him to pay $2,000 of plaintiff's attorney's fees. We affirm in part and remand in part for additional findings.

I. Background

Plaintiff and defendant were married in November 1992 and divorced on 26 August 2011. They have two daughters, born in 1997 and 1999. On 10 December 2010, Plaintiff filed a complaint in New Hanover County seeking post-separation support, permanent alimony, equitable distribution, primary custody of the children, child support, and attorney's fees. Issues of post-separation support, temporary custody, permanent custody, and child support were resolved by two consent orders. The district court heard from the parties on the issues of permanent alimony, equitable distribution, and attorney's fees on 26 and 27 January 2012, and 21 May 2012.[1]

The trial court entered an order resolving all three issues on 6 May 2013. The trial court distributed the parties' marital estate unequally, distributing approximately $22,785 of property to plaintiff and $18,453 to defendant.[2] It found that "an unequal division in favor of the Defendant is equitable in this case." The trial court also ordered defendant to pay plaintiff

---

[1] The hearing was not transcribed, but the parties have provided a narration of the proceedings in the record.
[2] The trial court sent a letter to the attorneys informing them how he intended to resolve the case and asking plaintiff's attorney to prepare an order. He attached what appears to be the spreadsheet he used to distribute the marital property. The order itself refers to "Schedule A" as the distribution of property, but that document was not attached to the order. There is no dispute that the spreadsheet attached to the letter is how the trial court actually intended to distribute the property

$800 per month in alimony until the parties' daughters no longer attended private school, at which time the amount of alimony would be increased by the cost of the private school tuition.[3] Finally, the trial court found that plaintiff was entitled to attorney's fees and ordered defendant to pay $2,000 of the $3,100 billed by plaintiff's attorney, which included charges for paralegal services. Defendant filed notice of appeal to this Court on 5 June 2013.

## II.  Equitable Distribution

Defendant first argues that the trial court erred in valuing plaintiff's wedding ring and in ordering an unequal distribution of marital assets. We affirm the trial court's valuation of the ring, but remand the equitable distribution portion of the order to allow the trial court to make adequate findings to support its conclusion.

## A.  Standard of Review

> The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. The trial court's findings of fact are binding on appeal as long as competent evidence

---

[3] The consent order regarding child support required defendant to pay for the children's private school tuition.  This order is not a subject of this appeal.

supports them, despite the existence of evidence to the contrary. The trial court's findings need only be supported by substantial evidence to be binding on appeal. We have defined substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. As to the actual distribution ordered by the trial court, when reviewing an equitable distribution order, the standard of review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason.

*Stovall v. Stovall*, 205 N.C. App. 405, 407-08, 698 S.E.2d 680, 683 (2010) (citations, quotation marks, and brackets omitted).

B.  Valuation of Wedding Ring

Defendant first challenges the trial court's valuation of plaintiff's wedding ring at $5,000. He asserts that it was actually worth $10,000 because he paid $10,000 for it in or about 1992; he presented no evidence of the ring's value as of the date of separation. Plaintiff testified at the hearing that she believed the ring to be worth $5,000.  There was no contrary evidence of the value of the ring as of the date of valuation and defendant has not argued that this evidence was incompetent. Therefore, we conclude that the evidence supports the trial court's valuation of the ring.  *See id.* at 407, 698 S.E.2d at 683.

C. Unequal distribution

Defendant next argues that the trial court erred in awarding unequal distribution of the marital estate, valued at $41,238.97. The trial court distributed $22,785.35 to plaintiff and $18,453.62 to defendant. The trial court found that

> The Court has considered all factors for unequal distribution outlined in N.C.G.S. § 50-20(c) for both parties and the Court has determined that an unequal distribution in favor of the plaintiff is equitable based upon the length of marriage, need to Plaintiff to maintain household furnishings for cihldren's [sic] use and that Plaintiff is not in a financial position to make any distributive payment to Defendant.

The trial court reiterated this finding in its "Conclusions of Law," stating that

> [i]n considering whether or not to make an equal distribution of the marital estate the Court considered all factors under N.C.G.S. § 50-20(c) specifically considered the length of the parties' marriage, the inability of the Plaintiff to make a distributional payment to the Defendant and the need for the Defendant, custodian of the minor children to have and use the household effects.

It again concluded that "an unequal division in favor of the Defendant is equitable in this case."

First, we note that it appears that the trial court misstated the party in whose favor an unequal distribution would

be equitable—it found that an unequal distribution in favor of defendant would be equitable, but distributed more of the marital estate to plaintiff. Second, the trial court's finding that an unequal division is equitable is insufficient to support its decision to distribute the marital property unequally. This Court observed in *Lucas v. Lucas* that the distinction between a finding like the one made here and the required finding that an *equal* distribution is *not* equitable is not one of "semantics." 209 N.C. App. 492, 503, 706 S.E.2d 270, 278 (2011). We held that

> in order to divide a marital estate other than equally, the trial court must first find that an equal division is not equitable and explain why. Then, the trial court must decide what is equitable based on the factors set out in N.C. Gen. Stat. § 50-20(c)(1)-(12) after balancing the evidence in light of the policy favoring equal division.

*Id.* at 504, 706 S.E.2d at 278.

Thus, although the evidence supports the trial court's findings, and the court clearly considered the relevant factors, under *Lucas*, the trial court's current findings are inadequate to support its decision to distribute the marital estate unequally. We therefore must remand for entry of an order with appropriate findings on these issues. Our decision does not require the trial court to distribute the marital estate

equally, only to make the findings necessary under *Lucas* to support its order. Additionally, though there is no dispute as to how the trial court actually distributed the marital estate, it appears that the trial court may have forgotten to attach "Schedule A" to its order, wherein it listed in detail the distribution of the marital assets. On remand, the trial court should also correct this omission.

### III. Alimony

Defendant also argues that the trial court erred in awarding plaintiff permanent alimony. He does not challenge the trial court's finding that plaintiff is entitled to alimony. He argues that the amount and length of the alimony awarded was not supported by the trial court's findings and that the trial court blurred the distinction between child support and alimony. We disagree and affirm the trial court's order awarding alimony.

### A. Standard of Review

> As our statutes outline, alimony is comprised of two separate inquiries. First is a determination of whether a spouse is entitled to alimony. Entitlement to alimony requires that one spouse be a dependent spouse and the other be a supporting spouse. If one is entitled to alimony, the second determination is the *amount* of alimony to be awarded. N.C. Gen. Stat. § 50-16.3A (b). We review the first inquiry de novo, and the second under an abuse of discretion standard.

*Romulus v. Romulus*, 215 N.C. App. 495, 520-21, 715 S.E.2d 308, 324-25 (2011) (citations, quotation marks, and brackets omitted).

B.   Reasonableness of Expenses

Defendant first argues that not all of plaintiff's expenses were reasonable. He only argues that the $200 per month that plaintiff donates to her church is unreasonable. He cites no law in support of his claim. "[T]he determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial court." *Parsons v. Parsons*, ___ N.C. App. ___, ___, 752 S.E.2d 530, 533 (2013) (citation and quotation marks omitted). This argument is without merit.

C.   Evidence of Marital Misconduct

Next, defendant contends that the trial court's findings on indignities and marital misconduct were unsupported by the evidence. The trial court found that

> 16. Phone records introduced by Plaintiff showed that numerous phone calls and text messages between Defendant and a female co-worker were made from and received by Defendant's phone on weekends, and after working hours, some very late at night and exceeding one hour.

17. Defendant was not able to provide any reasonable business explanation of the numerous communications with the female co-worker and his own testimony indicated that at a minimum he had developed an inappropriate emotional relationship with her.

18. Plaintiff testified that Defendant left the house at night, providing explanations that were not reasonable under the circumstances, and that Plaintiff found male enhancement pills and K-Y spray in the pockets of Defendant's jacket, for which he had no reasonable explanation. Said conduct indirectly and collectively amounted to a series of indignities which rendered Plaintiff's condition intolerable and life burdensome.

Each one of these findings was supported by evidence at the hearing. The only remaining question is whether this conduct constitutes indignities.

> There is no hard and fast rule as to what constitutes indignities. Rather, the courts make this determination based on the facts and circumstances of each case. The fundamental characteristic of indignities is that it must consist of a course of conduct or continued treatment which renders the condition of the injured party intolerable and life burdensome. The indignities must be repeated and persisted in over a period of time.

*Schmeltzle v. Schmeltzle*, 147 N.C. App. 127, 129-30, 555 S.E.2d 326, 328 (2001) (citations, quotation marks, and emphasis omitted).

In *Evans v. Evans*, we affirmed a finding of indignities where, *inter alia*, the wife kept condoms in her purse despite the fact that the parties were no longer engaging in sexual relations and where the wife had engaged in sexually explicit e-mails with a Chapel Hill physician. 169 N.C. App. 358, 364, 610 S.E.2d 264, 269 (2005). Additionally, the wife in *Evans* took three trips, each three or four nights, without telling her husband where she was going. *Id.*

Here, the trial court found that defendant had an inappropriately close relationship with a female co-worker over a period of time prior to separation, repeatedly left the house at night without explanation, and was caught with sexual items for which he did not have an adequate explanation. We conclude that the trial court did not err in finding that defendant's conduct here constituted indignities.

D. Reallocation of child support to alimony

Defendant next contends that the trial court blurred the distinction between child support and alimony by providing that when the minor children no longer attend private school, defendant will have to increase the alimony payment by the equivalent amount. Defendant does not argue that the trial court's findings on plaintiff's income and expenses were

unsupported by the evidence or that she has not demonstrated a need for alimony. This provision does not blur the distinction between child support and alimony, but simply recognizes that when defendant no longer has to pay over $750 per month in private school tuition, his ability to pay alimony changes. In addition, plaintiff's need for alimony exceeds defendant's current ability to pay, as he is also paying child support and tuition. Consideration of these facts is appropriate. *See Robinson v. Robinson*, 210 N.C. App. 319, 328, 707 S.E.2d 785, 792 (2011) (noting that "a critical issue is the supporting spouse's actual ability to make alimony payments."). Therefore, this argument is meritless.

E.   Amount and duration of alimony

Finally, defendant contends that the trial court failed to set forth the reasons for the amount and duration of alimony. This argument is premised on an assertion that is simply untrue. The trial court specifically made findings on the parties' income and expenses, the length of their marriage, defendant's marital misconduct, and the fact that defendant has had a successful career as a bank executive. Meanwhile, "[p]laintiff has worked when she had the opportunity, but has devoted most of her married life to raising the party's children, taking care of

the marital home and assisting Defendant in the advancement of his career including multiple interstate moves with Defendant for said purpose." All of these findings explain the trial court's decision to award $800 per month in permanent alimony. Defendant has failed to show any abuse of discretion.

## IV. Attorney's Fees

Defendant argues that the trial court erred in including the time billed by the paralegal employed by plaintiff's attorney in awarding attorney's fees. We disagree.

"A trial judge, acting within his discretion, may consider and include in the sum he awards as attorney[']s fees the services expended by paralegals and secretaries acting as paralegals if, in his opinion, it is reasonable to do so." *Lea Co. v. North Carolina Bd. of Transp.*, 323 N.C. 691, 695, 374 S.E.2d 868, 871 (1989). The trial court here determined it was reasonable to include the services of the paralegal in the cost of attorney's fees. It did not abuse its discretion in doing so.[4]

Defendant next argues that the trial court "failed to find the required relationship between customary fees and those requested." He does not challenge the trial court's

---

[4] We also note that as the hourly charges for a paralegal are less than for the attorney, use of paralegal services actually is more economical for the client or for the opposing party who may ultimately be ordered to pay these costs.

determination that defendant is entitled to attorney's fees for her alimony claims under N.C. Gen. Stat. § 50-16.4 (2011). The trial court found that plaintiff had incurred attorney's fees in the amount of $3,100.24 in relation to her alimony claim. It further found that "[i]t is the Plaintiff's attorney's opinion that the reasonable value of the services, up to and including the date of this Order for prosecution of the alimony claim is $3,100.24." This finding is insufficient as currently written. It is for the trial court, not plaintiff's attorney, to decide the reasonableness of the fees and the trial court must make a specific finding that the attorney's fees were reasonable "in comparison with that of other lawyers." *Coleman v. Coleman*, 74 N.C. App. 494, 499, 328 S.E.2d 871, 874 (1985) (citation and quotation marks omitted). Reciting testimony or the opinion of a witness cannot substitute for a finding of fact. *In re H.J.A.*, ___ N.C. App. ___, ___, 735 S.E.2d 359, 363 (2012). Thus, we must remand for the trial court to make adequate findings of fact in this regard.

## V.  Conclusion

For the foregoing reasons, we remand the trial court's order to make adequate findings as to equitable distribution and

attorney's fees. We affirm the portion of the trial court's order awarding alimony.

AFFIRMED, in part; REMANDED, in part.

Judges CALABRIA and DAVIS concur.

Report per Rule 30(e).